Argued March 6, affirmed March 21, 1962

# STATE OF OREGON *v.* CAIN

369 P. 2d 769

*Ralph W. G. Wyckoff,* Salem, argued the cause for appellant. With him on the brief was Arthur G. Kaplan, Salem.

*Gary D. Gortmaker,* Deputy District Attorney, Salem, argued the cause for respondent. With him on the brief was Hattie Bratzel Kremen, District Attorney for Marion County, Salem.

Before McALLISTER, Chief Justice, and WARNER, SLOAN and O'CONNELL, Justices.

SLOAN, J.

Defendant was found guilty by a jury verdict of the crime of assault and robbery being armed with a dangerous weapon. He appeals from the judgment which followed.

The victim of the robbery of which defendant was convicted was Mr. Tehan, owner of a night club near Salem. Tehan's home is adjacent to his night club. The robbery took place after Tehan had closed his club and was going from the club to his home carry-

ing the proceeds of the nights business with him. The robber accosted him at his home and demanded the money at the point of a gun. The money was contained in the drawer from his cash register and in a cigar box. Tehan dropped the two containers, the robber picked them up and fled. Later on the same morning police officers found defendant at the home of his sister in Salem. He was taken into custody. Defendant's brother-in-law consented to the officers making a search of the house. This search produced some .32 caliber bullets and in a later search of the same house clothing fitting the description given by Tehan to have been worn by the robber was discovered.

The evidence presented by the state consisted primarily of identification by Tehan of defendant as the robber; the testimony of an accomplice and co-defendant; the clothes and bullets above described and evidence that defendant's easily recognized car was seen near the place of the robbery immediately before it occurred.

Defendant relied upon an alibi that he was at the home of his sister during the time when the robbery took place. Other persons who were present during some part or all of the night and morning hours in question, were called as witnesses. One of them took the fifth amendment and declined to answer questions. The testimony of the other persons was in conflict. Some of them confirmed defendant's testimony that he was at this house during the time in dispute, others denied it. One of the witnesses testified that he had seen defendant come into the house after the time the robbery was said to have happened and that defendant was then dressed in the clothes described by Tehan and that he had observed defendant change to other clothes.

We have given this limited review of the evidence to better explain the particular assignments of error.

■■ The first assignment claims error because the trial judge refused to direct a judgment of acquittal at the conclusion of the state's evidence. The motion was primarily based upon the theory that there was not sufficient independent evidence to corroborate the testimony of the accomplice as required by ORS 136.550. We think the evidence above delineated did sufficiently corroborate the accomplice's testimony. The trial judge could only have sustained the motion because he disbelieved the testimony of the witnesses. This, of course, he could not do. The assignment is without merit.

3. The second assignment charges error in admitting into evidence the bullets above mentioned. Defendant relies on *State v. Thompson*, 1961, 73 Adv Sh 171, 228 Or 496, 364 P2d 783. The case cited is distinguishable. In Thompson there was no evidence at all to connect the gun to the robbery involved. Here the gun alleged to have been used by the defendant was not available. One of the witnesses testified, without explanation, that the gun had been thrown in the Willamette river at Independence. The victim had testified that the gun appeared to be a .32 caliber gun. He said it appeared to be too large for a .22 and too small for a .45. The accomplice testified that defendant had used a .32 caliber gun owned by the accomplice. The shells did, then, have some probative value. How much was for the jury to decide.

■■ The third assignment claims that "the court erred in allowing the State deliberately and persistently to pursue an intemperate and unfair presentation of its case, which conduct was well-exampled by the

prosecutor's presentation of inadmissible but highly prejudicial evidence even though some was withdrawn or stricken, * * *." If there had been any merit to this contention it should have been directed to the trial court's attention by a motion for mistrial or by some other means by which the trial judge could have had the opportunity to judge the good or bad faith of the prosecutor's conduct. This was not done. It would be impossible for this court to say that the prosecutor acted in bad faith. He was certainly justified in attempting to present all of the evidence he deemed relevant to the case. The trial judge fully protected defendant's rights in rejecting evidence he believed inadmissible. We find this assignment to be without merit.

■ Assignment four claims error when the court permitted the state to impeach one of its witnesses by use of a written statement previously made by the witness to police officers. The court first considered the matter in the absence of the jury. The only basis upon which we could sustain this assignment would be to hold that the prosecutor acted in bad faith when he claimed surprise. The witness had testified to facts completely opposite to facts contained in the statement. The trial judge's view of the situation is best expressed by his direction to the prosecutor to consider charging the witness with perjury. The trial judge did not find any bad faith on the part of the prosecutor and we will not attempt to second guess his view of the conduct of the prosecutor and the witness.

■ The last assignment complains that the judge failed to instruct on lesser charges. He was not requested to. Since the matter was not presented to the

trial court we decline to decide whether the instructions would have been appropriate in this case. However, as above indicated, there was no denial that an armed robbery took place. It was only denied that defendant did it.

We have examined the record and find no error. Judgment affirmed.