Argued October 30, affirmed December 11, 1963

# FREEMAN v. GLADDEN

387 P. 2d 360

*Philip A. Levin,* Portland, argued the cause for appellant. With him on the brief was Carl R. Neil, Portland.

*C. L. Marsters,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PER CURIAM.

This is an appeal from an order sustaining the state's demurrer to plaintiff's petition for post-conviction relief under ORS 138.510 to 138.680.

Petitioner prayed for a new trial on the ground that she had been deprived of her constitutional rights under both the United States and Oregon Constitutions. The lower court sustained the demurrer to the petition upon the basis that the grounds for relief set forth in the petition had been asserted or could reasonably have been asserted in the direct appeal from the conviction. *State v. Freeman,* 232 Or 267, 374 P2d 453 (1962), certiorari denied 373 US 919, 83 S Ct 1310, 10 L Ed2d 418, rehearing denied, 374 US 858, 83 S Ct 1894, 10 L Ed2d 1083 (1963).

ORS 138.550 provides in part as follows:

"The effect of prior judicial proceedings concerning the conviction of petitioner which is challenged in his petition shall be as specified in this section and not otherwise:

"* * * * *

"(2) When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. * * *"

Upon appeal from the judgment of conviction the defendant Freeman asserted that she "failed to receive a fair trial and was denied due process of law in that defendant was intensely interrogated by the police and the district attorney prior to the time she was taken before a magistrate in the state of Oregon and before appointment of counsel on her behalf." More specifi-

cally it was asserted that "she requested the appointment of counsel to safeguard her interests but no appointment was made until after the police had exhausted every avenue of interrogation open to them."

The post-conviction petition employs essentially these same grounds except that the petition has marshalled additional evidence to support each of the grounds previously asserted. Thus petitioner recites more specifically how police coercion was employed and how petitioner's request for counsel was denied.

Petitioner confuses new or additional *evidence* with new or additional *grounds* in attempting to exclude the application of ORS 138.550 (2). That section was intended to state the principle of res judicata in post-conviction appeals. The section would be rendered practically meaningless if a defendant could circumvent its application simply by marshalling additional evidence to support a ground already asserted in appealing from the judgment of conviction.

Judgment affirmed.