Argued June 6, affirmed August 23, 1967

JAMES HENRY CAIN, *Appellant, v.* GLADDEN,
*Respondent.*

430 P. 2d 1015

*Gary D. Babcock,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was L. A. Aschenbrenner, Public Defender, Salem.

*David Blunt,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief was Robert Y. Thornton, Attorney General, Salem.

Before PERRY, Chief Justice, and McALLISTER, SLOAN, GOODWIN, DENECKE, HOLMAN and LUSK, Justices.

HOLMAN, J.

This is an appeal from a dismissal of a petition for post-conviction relief. The petitioner had been convicted of the crime of "assualt and robbery being armed with a dangerous weapon." Upon direct appeal to this court, his conviction was affirmed. *State v. Cain,* 230 Or 286, 369 P2d 769 (1962). Subsequent to the affirmance of his conviction petitioner instituted the present proceeding.

Petitioner assigns as error the sustaining of demurrers to the fourth and fifth grounds for relief stated in the petition.

As his fourth ground for relief, petitioner alleged that in a voice identification test conducted by the police, the complainant identified a person other than petitioner as the person who had assaulted and robbed the complainant; that thereafter at the trial the complainant identified petitioner as the assailant and upon cross examination denied that he had made any prior voice identification; that the complainant knew, at the time he so testified, that a person other than petitioner was the assailant, and that the police and the District Attorney suppressed the use of the witness' previous identification.

For his fifth ground for relief, petitioner alleged that the attorney for a third party informed the District Attorney that the attorney had advised said third party that if he should be called as a witness against petitioner, he should exercise his privilege against self-incrimination; that the District Attorney did call said third party as a witness and he refused to testify; that the District Attorney told the jury during his closing argument that the exercise of the privilege meant that if said third party had testified he would have incriminated the petitioner.

The demurrers were properly sustained. ORS 138.550(2), which delimits the effect of a prior direct appeal upon subsequent post-conviction proceedings, provides as follows:

> "* * * * *
>
> "When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted *and could not reasonably have been asserted* in the direct appellate review proceeding. * * *" (Emphasis ours.)

Petitioner failed to allege in his petition facts sufficient to demonstrate that the fourth and fifth grounds for relief could not reasonably have been asserted in the direct appellate review. He did not state that the facts underlying his fourth and fifth grounds for relief were not known to him at the time of his direct appeal. Nor did he make a sufficient showing that his grounds for relief are based upon new constitutional principles that had not been recognized at the time of his direct appeal. Therefore, the demurrers were properly sustained. Cf. *Benson v. Gladden,* 242 Or 132, 138, 407 P2d 634, cert den 384 US 908, 86 S Ct 1345, 16 L ed2d 360 (1964); *Freeman v. Gladden,* 236 Or 137, 387 P2d 360, cert den 373 US 919, 83 S Ct 1310, 10 L ed2d 418, reh den 374 US 858, 83 S Ct 1894, 10 L ed2d 1083 (1963); *Delaney v. Gladden,* 232 Or 306, 374 P2d 746 (1962).

Judgment is affirmed.