Argued September 12, affirmed October 4, 1967

# STATE OF OREGON, *Respondent, v.* DEWEY BERNARD BIAS, *Appellant.*

432 P. 2d 312

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause. With him on the briefs was L. A. Aschenbrenner, Public Defender, Salem.

*Francis W. Linklater,* Deputy District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

SLOAN, J.

Defendant Bias was convicted in a separate trial of armed robbery. He appeals.

■ During the course of a pre-trial hearing on a motion to suppress evidence a police officer, who had arrested defendant, testified that he had heard about the armed robbery via police communication and he had recognized that the description given of one of the robbers would fit defendant. The officer testified that he had written down a part of the description of the robber as he had heard it on the police monitor. Defendant then asked the court to have the written part of the description made available to him. There is nothing in the record that tells whether the writing was still in existence and if so where it was. The officer was not asked to tell whether or not he had made the writing in his notebook, or on a stray piece of paper. Neither was he asked what had happened to the writing. It is equally impossible to tell from the record what relevance the writing would have had if it had been available. In short, there is nothing in the record which enables us to decide whether it was reasonable, feasible or proper to have allowed defendant's motion.

■ Defendant also assigns error because the court refused defendant's oral request, made after the jury had been instructed, that the court give an instruc-

tion on circumstantial evidence. The request was not timely made in accordance with the rule of the court, nor properly made, nor did the evidence require it. The request for the instruction does not provide a basis for assignment of error on appeal. *State v. Abel,* 1965, 241 Or 465, 406 P2d 902.

Another assignment claims that the admission into evidence of certain hair and fiber samples denied due process to defendant because the items of evidence had not been properly segregated before they had been tested by an expert witness. We cannot understand, from the record, just what the motion referred to. The assignment has no merit.

Affirmed.