Argued September 12, affirmed October 4, 1967

## STATE OF OREGON, *Respondent, v.* NORMAN STODICK, *Appellant.*

432 P. 2d 313

*John Marvin Kuhn,* Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Lawrence A. Aschenbrenner, Public Defender, Salem.

*Francis W. Linklater,* Deputy District Attorney, Eugene, argued the cause and filed a brief for respondent.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, HOLMAN and WOODRICH, Justices.

SLOAN, J.

This is a companion case to that of *State versus Bias,* 1967, 248 Or 24, 432 P2d 312. Stodick and Bias were charged in one indictment with armed robbery. They were convicted in separate trials. In this appeal by defendant Stodick he claims he was prejudiced during the trial because a police officer testified that Stodick had declined to answer a question put to him by the officer when he was arrested.

The robbery occurred at about 8 a.m. in a department store in Eugene. About 20 minutes later a police officer heard a police radio transmission which described a certain Mercury automobile that was used by one of the robbers to escape the scene. A few minutes later the officer observed a vehicle meeting the description he had heard. He pursued the automobile. Omitting the details, the pursuit of the car eventually led to the arrest of defendant Stodick. The officer immediately advised Stodick of his constitutional rights, in response to which Stodick refused to answer questions.

When this officer testified he first described the pursuit and arrest. He was then asked by the prosecuting attorney:

"Q  Did you ask Mr. Stodick if it was his car?
"A  Yes.

"Q  And what did he tell you?
"A  'I'd rather not say.'"

Defense counsel immediately moved for a mistrial on the ground that the questions and answers were a reference to and a comment on Stodick's refusal to talk when arrested. When the motion was first made, the trial court reserved ruling. Later, after extensive argument the court ruled that if the questions and answers were improper, they were not prejudicial. This is the ruling appealed from.

Except for the quoted questions and answers no further reference was made before the jury to the subject during the remainder of the trial. It is not suggested that this was an intentional attempt to reveal evidence that would be known to be prejudicially inadmissible.

*Chapman v. California,* 1967, 386 US 18, 87 S Ct 824, 17 L ed2d 705, at 710, 711, now imposes the following test on state appellate courts in deciding whether an error of constitutional dimension was prejudicial:

"\* \* \* We, therefore, do no more than adhere to the meaning of our Fahy Case[1] when we hold, as we now do, that before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt. While appellate courts do not ordinarily have the original task of applying such a test,\* it is a familiar standard to all courts, and we believe its adoption will provide a more workable standard, although achieving the same result as that aimed at in our Fahy case." (\*Footnote omitted).

We have no problem in this case in concluding, without any doubt, that the questions and answers, if

---

[1] Fahy v. Connecticut, 1963, 375 US 85, 84 S Ct 229, 11 L ed2d 171.

improper, were not prejudicial. There is nothing in the record in the case, nor in the discussion in the Chapman opinion, to cause us to believe that this rather innocuous statement, without any further comment about it or reference to it, made the least impression on the jury or that it would have contributed at all to Stodick's conviction.

Affirmed.