Submitted on record and briefs December 3, affirmed
December 24, 1969, petition for rehearing denied
January 29, 1970. Petition for review denied
by Supreme Court March 17, 1970

BIAS, *Appellant, v.* CUPP, *Respondent.*

462 P. 2d 684

*J. Marvin Kuhn,* Deputy Public Defender, Salem,
filed the brief for appellant. With him on the brief
was Gary D. Babcock, Public Defender, Salem.

*Jim G. Russell,* Assistant Attorney General, Salem, filed the brief for respondent. With him on the brief were Lee Johnson, Attorney General, and Jacob B. Tanzer, Solicitor General, Salem.

SCHWAB, C. J.

■ Petitioner appeals from an order sustaining a demurrer to his amended petition for post-conviction relief. The petition alleges nine causes of action. No reason is stated or apparent as to why the first eight of them were not raised in the unsuccessful direct appeal which defendant previously took to the Oregon Supreme Court. *State v. Bias,* 248 Or 24, 432 P2d 312 (1967).

ORS 138.550(2) provides in part:

"When the petitioner sought and obtained direct appellate review of his conviction and sentence, no ground for relief may be asserted * * * unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding * * *."

Since the petition states no reasons why these eight points were not raised on direct appeal, the demurrer was properly sustained as to them. *Cain v. Gladden,* 247 Or 462, 430 P2d 1015 (1967).

■ The ninth cause of action in the petition for post-conviction relief purports to be based upon the doctrine concerning police lineups enunciated by the United States Supreme Court in *United States v. Wade,* 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967) and *Gilbert v. California,* 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967). The *Wade* opinion was handed down on June 12, 1967, while petitioner's direct appeal (*State v. Bias,* supra) was pending. Even

assuming, for the sake of argument, that because of the timing Bias could not reasonably have asserted the *Wade-Gilbert* doctrine on his direct appeal, and that the facts involved were within the *Wade-Gilbert* doctrine, he states no ground for relief. The *Wade-Gilbert* doctrine is applicable only to lineups conducted after June 12, 1967. *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967). Petitioner was arrested, tried, convicted and sentenced over nine months prior to the time the *Wade* and *Gilbert* opinions were handed down. The demurrer was also properly sustained as to the ninth cause of action.

Affirmed.

### ON PETITION FOR REHEARING

J. Marvin Kuhn, Deputy Public Defender, Salem, for the petition. With him on the petition was Gary D. Babcock, Public Defender, Salem.

SCHWAB, C. J.

■ Appellant has filed a petition for rehearing contending that we were in error in holding that his ninth cause of action did not state grounds for relief. In his brief on appeal, appellant argued that his ninth cause of action was "not res judicata because the decisions in *Wade* and *Gilbert*① reflected a change in the law while petitioner's direct appeal was pending." We dealt with this cause of action on the ground raised. Appellant, in his petition for rehearing, cites *Stovall v. Denno,* 388 US 293, 87 S Ct 1967, 18 L Ed 2d 1199 (1967), and *Foster v. California,* 394 US 440, 89 S Ct 1127, 22 L Ed 2d 402 (1969), in support of his new contention that his ninth cause of action states grounds for relief independent of the doctrine announced in *Wade* and *Gilbert.* Even if we assume that this newly-raised proposition is correct, the result must be the same. Appellant's ninth cause of action is defective for the same reason as the other eight causes of action—it states no reason why the point was not raised on direct appeal. *Cain v. Gladden,* 247 Or 462, 430 P2d 1015 (1967).

The petition for rehearing is denied.

① United States v. Wade, 388 US 218, 87 S Ct 1926, 18 L Ed 2d 1149 (1967) and Gilbert v. California, 388 US 263, 87 S Ct 1951, 18 L Ed 2d 1178 (1967).