**James Henry CAIN, Petitioner-Appellee,**

**v.**

**Hoyt C. CUPP, Warden, Oregon State Penitentiary, Respondent-Appellant.**

**No. 24160.**

United States Court of Appeals, Ninth Circuit.

April 28, 1971.

Duniway, Circuit Judge, filed an opinion concurring in the result.

Jacob Tanzer (argued), State Sol. Gen., David H. Blunt, Asst. Atty. Gen., Lee Johnson, Atty. Gen., Salem, Or., for respondent-appellant.

Douglas Leonetti (argued), Beaverton, Or., for petitioner-appellee.

Before TUTTLE,* BROWNING and DUNIWAY, Circuit Judges.

PER CURIAM:

We adopt the opinion of the district court as follows:

"A State Court jury convicted James Henry Cain (Petitioner) of assault and robbery while armed with a dangerous weapon. The Oregon Supreme Court affirmed. State v. Cain, 230 Or. 286, 369 P.2d 769 (1962). He filed this petition for a writ of habeas corpus under 28 U. S.C. § 2241 et seq.

Petitioner cites several acts of the prosecution which he claims denied him a fair trial. The first occurred when the prosecution called as a witness a person who had been indicted as an accessory to the crime. The witness entered a plea of not guilty. When called to testify in Petitioner's trial, the witness invoked the privilege against self-incrimination. Petitioner alleges that the prosecution knew that the witness would claim the privilege.

Petitioner claims that the prosecutor was guilty of misconduct when he delivered the closing argument to the jury. The prosecutor commented on the witness' exercise of the privilege; he asked the jury to draw unfavorable inferences from the exercise; he suggested that if Petitioner's alibi were true it would have been unnecessary for the witness to have invoked the Fifth Amendment, because the witness could have told the true facts without incriminating himself.

---

* Honorable Elbert Parr Tuttle, Senior Judge, United States Court of Appeals for the Fifth Circuit, sitting by designation.

Petitioner next contends that the prosecutor was guilty of misconduct when he failed to disclose that the victim of the crime had been given a voice identification test and that the witness had tentatively identified Petitioner's co-defendant as his assailant. The co-defendant had pleaded guilty and was a prosecution witness at Petitioner's trial.

Finally, Petitioner contends that the prosecutor was guilty of misconduct when he allowed the co-defendant to testify that he saw Petitioner load the gun used in the crime, without disclosing that this had occurred 24 hours before the crime was committed. In Oregon a loaded gun is a material element of the offense charged. Petitioner asserts he was entitled to have the jury infer that he had unloaded the gun during the intervening 24 hours.

■ Respondent argues that the first assignment of error will not support habeas corpus relief unless Petitioner proves that the prosecution acted in bad faith. Gladden v. Frazier, 388 F.2d 777 (9th Cir. 1968) [affirmed [Frazier v. Cupp] 394 U.S. 731 [89 S.Ct. 1420, 22 L.Ed.2d 684] (1969)]. Even if *Frazier* was correctly decided by the Court of Appeals, it is little comfort to the respondent. In *Frazier*, the witness (the co-defendant) had entered a plea of guilty. Here, the witness had already entered a plea of not guilty to the charge of being an accessory and his lawyer had notified the prosecutor that the witness would take the Fifth Amendment. Although the prosecutor promptly excused the witness when he invoked the privilege, the prosecutor in his closing argument intentionally capitalized on the witness' refusal to testify. He asked the jury to draw inferences which were not subject to cross-examination. *Cf.* Douglas v. Alabama, 380 U.S. 415 [85 S.Ct. 1074, 13 L.Ed.2d 934] (1965); Pointer v. Texas, 380 U.S. 400 [85 S.Ct. 1065, 13 L.Ed.2d 923] (1965). The State cannot avoid the prosecutor's remarks on the ground that closing arguments are not evidence. Griffin v. California, 380 U.S. 609 [85 S.Ct. 1229, 14 L.Ed.2d 106] (1965).

Although calling the witness may not in itself be sufficient to justify habeas corpus relief, when coupled with the prosecutor's closing argument, it will justify such relief. I find that Petitioner was denied a fair trial.

■■ Although it is unnecessary to rely on Petitioner's two other contentions to support this result, they strengthen it. The prosecution has explanations for its failure to disclose the discrepancy in the police records on the victim's inability to identify the Petitioner's voice. I believe it would have been better practice and more consistent with modern views of fair play for the prosecution to have made this disclosure. The same is true of the prosecution's failure to disclose the 24-hour period that elapsed between the time the witness saw the gun loaded and the commission of the offense. These failures to disclose may not in themselves be sufficient to justify relief, but they reveal the errors in Petitioner's trial, which, when taken together, deprived him of the fair trial to which he was entitled. The State failed to prove beyond a reasonable doubt that these errors were harmless, Chapman v. California, 386 U.S. 18 [87 S.Ct. 824, 17 L.Ed.2d 705] (1967). The writ must therefore issue."

The judgment of the district court is affirmed.

DUNIWAY, Circuit Judge (concurring):

I concur in the result. I rely solely on prosecutorial misconduct with regard to the witness' claim of privilege rather than on the cumulative-error approach of the District Judge and my colleagues, which I think substitutes federal judges' notions of fair play in state criminal trials for clear standards of constitutional due process.

Here, I think that the prosecutorial misconduct amounted to an effective denial of the right of confrontation, but only because of the coincidence of the

following four elements: (1) the prosecution could not reasonably believe that the witness would not assert his privilege, (2) the prosecution commented, in closing argument, on the witness' refusal to testify, (3) the inference that the jury was asked to draw supplied an affirmative element of the prosecution's case, and (4) there was no curative instruction. These elements, I think, distinguish this case from Frazier v. Cupp, 1969, 394 U.S. 731, 733–737, 89 S.Ct. 1420, 22 L.Ed.2d 684.