Argued and submitted July 13, 1982, affirmed March 22, 1983

STATE OF OREGON,
*Respondent on Review,*
*v.*
LAWRENCE CHARLES HATTERSLEY,
*Petitioner on Review.*
(TC 43036, 44553, CA A20882, SC 28584)

660 P2d 674

J. Michael Alexander, Salem, argued the cause for petitioner on review. With him on the brief was Brown, Burt, Swanson, Lathen & Alexander, Salem.

Stephen F. Peifer, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Lent, Chief Justice, and Linde, Peterson, Tanzer and Campbell, Justices, and Wallace P. Carson, Jr., Justice Pro Tempore.* *

CARSON, J.

* * Tanzer, J. resigned December 31, 1982.

## CARSON, J.

The sole issue in this case is whether a trial court's order suppressing evidence, coming after jury selection had begun but before the jury had been impaneled and sworn, was one made "prior to trial" and therefore appealable by the state under ORS 138.060(3).[1] The Court of Appeals found the order appealable. We affirm.

The defendant was charged with the crimes of conspiracy and solicitation to commit criminal mischief, bribing a witness, tampering with a witness and attempted theft. The charges were consolidated for trial. On the day set for trial, but prior to calling the jury, the trial court ruled that a note, written by an alleged co-conspirator, would be suppressed until the state had presented prima facie evidence of a conspiracy.[2] The jury was then called and *voir dire* commenced. By the noon recess, nine jurors had been passed for cause. In the afternoon, before continuing with *voir dire,* the state sought clarification from the trial court of the scope of its previous order. A lengthy in-chambers discussion followed which resulted in a broadening by the trial court of its previous order to include suppression not only of the note but of all conversations between the defendant and a third party generated by the note. While still in chambers, the state, by stipulation with defense counsel, presented its evidence of conspiracy apart from the note and the conversations that the note provoked. The trial court found that the state had failed to establish prima facie evidence of a conspiracy. The state

---

[1] ORS 138.060 sets forth the following orders appealable by the state in criminal proceedings:

"(1) An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2) An order arresting the judgment;

"(3) An order made prior to trial suppressing evidence; or

"(4) An order made prior to trial for the return or restoration of things seized."

[2] This order was in response to the defendant's pretrial motion in limine based on ORS 41.900(6) (now *see* OEC 801(4)(b)(E)), which allowed, as an exception to the hearsay rule, evidence to be given of the following facts:

"After proof of a conspiracy, the declaration or act of a conspirator against his co-conspirator, and relating to the conspiracy."

then notified the trial court of its intent to appeal the suppression order under ORS 138.060(3) and asked for a continuance. The trial court directed the state to proceed with trial on the remaining two counts, but the state refused.[3] The trial court then granted the defendant's motion to dismiss all five counts.

Under the terms of the statute, the state may appeal an order suppressing evidence made "prior to trial." ORS 138.060(3). The defendant contends that the state cannot appeal in this case because the suppression order came after the trial had begun: the jury called and *voir dire* commenced. The state contends that the actual trial had not yet begun because a criminal trial begins at the point when jeopardy attaches: the jury impaneled and sworn.[4]

Common legal parlance, perhaps, would suggest that "prior to trial" would mean anytime up to the point that the trial judge calls the case for trial, and the defendant so argues. However, it is not that simple. The word "trial" can have a different meaning in different settings, and under different statutory provisions. *See Warm Springs Irrigation Dist. v. Pacific Livestock Co.,* 89 Or 19, 22, 173 P 265 (1918).

The legislature has provided no definition of "prior to trial" as it is used in ORS 138.060. The phrase first appeared in the statute in 1969 when the subsection at

---

[3] The remaining counts concerned the bribery and tampering charges stemming from defendant's conversations with the third party. Because the five charges were consolidated for trial and the defendant refused to waive double jeopardy, the state was compelled to appeal all five counts.

[4] ORS 131.505(5):

"A person is 'prosecuted for an offense' when he is charged therewith by an accusatory instrument filed in any court of this state or in any court of any political subdivision of this state, and when the action either:

"(a) Terminates in a conviction upon a plea of guilty; or

"(b) Proceeds to the trial stage and the jury is impaneled and sworn * * *.

"* * * * *"

ORS 131.515:

"Except as provided in ORS 131.525 and 131.535:

"(1) No person shall be prosecuted twice for the same offense.

"* * * * *"

issue was added to the list specifying in what circumstances the state could appeal.[5] In supporting the proposed amendment, the Attorney General, upon whose request the bill was introduced, voiced his concern to the legislature about the number of cases that had been dismissed on "preliminary motion" from which the state had no right of appeal. *See* Testimony of Robert Y. Thornton, Minutes, House Committee on the Judiciary, March 17, 1969. The then-proposed addition allowed appeal of those "preliminary orders" that suppressed evidence which the state considered necessary for its case. Although "preliminary" and "pretrial" are used interchangeably with "prior to trial" in the committee hearings, we find no definitive statement as to when the legislature intended this period to end and the trial to begin.[6]

The legislative history not being dispositive in defining "prior to trial," we next turn to the context in which the phrase is used and the overall purpose of the provision. *See Joachim v. Crater Lake Lodge, Inc.,* 276 Or 875, 879, 556 P2d 1334 (1976). In our analysis, the different modifiers preceding the word trial are not the troublesome language. The question is, what did the legislature mean when they referred to "trial" and when does it start?

The defendant argues that if the legislature had intended to key the time-bar on appealability to when jeopardy attaches, as the Court of Appeals determined, it would have said so rather than *choosing the words "prior to trial."* In light of the chronology of the legislative enactments (the state's right to appeal orders suppressing evidence made "prior to trial" preceded the codification of

---

[5] Prior to this 1969 amendment the state could appeal only the following final orders under the then existing ORS 138.060:

"(1) A judgment for the defendant on a demurrer to the indictment;

"(2) An order sustaining a plea of former conviction or acquittal; or

"(3) An order arresting the judgment."

[6] Subsequent amendments to ORS 138.060, in 1971 and 1973, also utilize the phrase "prior to trial." In 1971, the scope of the state's appeal was broadened from "a judgment for the defendant on a demurrer to the indictment" to "an order made prior to trial dismissing the indictment." ORS 138.060(1). We find it noteworthy that a justification given in support of this bill was the defendant's continued protection against double jeopardy. *See* Testimony of Lee Johnson, Attorney General and Jacob B. Tanzer, Solicitor General, Minutes, House Committee on the Judiciary, January 22, 1971.

Oregon law on double jeopardy) and the inherent lack of continuity from session to session, we are not so persuaded.

The context in which the phrase is used is the state's right of appeal. ORS 138.060 sets forth the exclusive grounds for appeal by the state in a criminal proceeding.[7] Within this provision, the state can appeal only two specific final orders: (1) A pretrial order dismissing or setting aside the accusatory instrument; and (2) An order arresting the judgment. ORS 138.060(1) and (2).[8] We deem it not to be a coincidence that the opportunity for the state to appeal from these two final orders directly corresponds with a defendant's double (or former) jeopardy protections. Or Const, Art I, § 12; ORS 131.515. Thus, the first order must come before jeopardy attaches and the second order, although coming after jeopardy attaches, does not permit the prosecution of a defendant again for the same offense. Because of the limitations placed on the state against prosecuting a defendant twice for the same offense, policy would clearly dictate allowing the state to take an appeal only where, if successful, the prosecution can be pursued. We believe that the legislature, in following such a policy, intended to correlate the appeal of these final orders with a defendant's right against double jeopardy.

Similarly, the state may appeal only two specific non-final (interlocutory) orders made prior to trial: (1) An order suppressing evidence; and (2) An order returning or restoring things seized. ORS 138.060(3) and (4). Because the state cannot appeal from an adverse judgment after jeopardy attaches, unless it is one arresting judgment, the legislature has allowed special provision for these particular interlocutory orders which affect evidence the state considers necessary for its case. *See* Testimony of Robert Y. Thornton, Minutes, House Committee on the Judiciary, March 17, 1969. *See also, State v. Caruso,* 289 Or 315, 613

---

[7] ORS 138.020:

"Either the state or the defendant may as a matter of right appeal from a judgment in a criminal action in the cases prescribed in ORS 138.010 to 138.300, and not otherwise."

[8] Review of a pretrial dismissal within ORS 138.060(1) does not include review of preceding appealable rulings. *State v. Caruso,* 289 Or 315, 613 P2d 752 (1980).

P2d 752 (1980). We conclude that the legislature intended that these interlocutory appeal opportunities likewise correlate with a defendant's double jeopardy protections.

Jeopardy attaches when the jury is "impaneled and sworn." ORS 131.505(5)(b). We see no overriding justification to further limit the state's right to appeal preliminary orders suppressing evidence, as the defendant suggests, to only those orders made at some earlier point. Common sense and good court administration might dictate that such suppression rulings come before the stage reached in the proceedings here, and we are confident that in the majority of cases such orders do come before the jury is called. But, an interpretation of ORS 138.060 fixing an earlier point for the commencement of a criminal trial would not be consistent with the context in which the legislature acted. Here, the order suppressing evidence was prior to jeopardy attaching and therefore appealable as "prior to trial" under ORS 138.060(3).

Affirmed.