Argued and submitted May 28, appeal dismissed November 19, 1997

STATE OF OREGON,
*Appellant,*

*v.*

WARREN DOUGLAS SUMMERS,
*Respondent.*

(CF85-0563; CA A91587)

948 P2d 754

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

David C. Degner, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

The state appeals an order dismissing this case on the ground of untimely prosecution. Defendant pleaded guilty to first-degree burglary, but was not sentenced for ten years. Defendant contends that the appeal itself should be dismissed, because the order is not appealable. We agree and dismiss the appeal.

On November 26, 1985, defendant was charged in Umatilla County with first-degree burglary and theft. Pursuant to plea negotiations, on December 30, 1985, defendant pleaded guilty to the burglary charge, and the state dismissed the theft charge. Sentencing was scheduled for January 30, 1986. Defendant was out of custody on a security release agreement pending sentencing. Defendant was arrested in the State of Washington and, on the date of defendant's scheduled sentencing in this state, he was in custody in that state. When defendant failed to appear for sentencing in Oregon, the court issued a warrant for his arrest. Meanwhile, defendant was sentenced to a term of incarceration in Washington.

In August 1986, the Umatilla County District Attorney's Office lodged a detainer request with the authorities in Washington, so that defendant would be returned to Oregon to be sentenced upon the completion of his term of incarceration in Washington. Upon receiving notice of that action, defendant timely filed a request for final disposition, under the Interstate Agreement on Detainers (IAD), which provides, in part:

"ARTICLE III

"(a) Whenever a person has entered upon a term of imprisonment in a penal or correctional institution of a party state, and whenever during the continuance of the term of imprisonment there is pending in any other party state any untried indictment, information or complaint on the basis of which a detainer has been lodged against the prisoner, the prisoner shall be brought to trial within 180 days after the prisoner shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place

of imprisonment and the request of the prisoner for a final disposition to be made of the indictment, information or complaint * * *."

ORS 135.775. For reasons not reflected in the record of this case, the Umatilla County District Attorney's Office took no action on defendant's request. In 1988, Washington officials notified the Umatilla County District Attorney's Office that it needed to act on the request, because the continuing detainer was affecting parole decisions for defendant. On June 9, 1988, the Umatilla County District Attorney's Office notified the Washington authorities that it was withdrawing its detainer request. The Umatilla County District Attorney's Office, however, lodged a second detainer against defendant, although the record does not specify precisely when that occurred. That detainer was in effect when defendant finally was released from prison in Washington in 1995 and transported to Umatilla County for sentencing on the 1985 burglary charge.

Defendant moved to dismiss the case on the ground that his request for final disposition had not been acted on within 180 days as required under the IAD. The trial court granted the motion on the ground that "defendant ha[d] not been brought to final disposition within 180 days as provided by ORS 135.775, agreement on detainers."

The state appeals, arguing that the 180-day rule embodied in the IAD applies only to *untried* indictments, not to sentencing on pleas of guilty. According to the state, a trial occurs at the point in proceedings when jeopardy attaches, *see State v. Hattersley*, 294 Or 592, 660 P2d 674 (1983), and jeopardy attached in this case when defendant pleaded guilty. Thus, the state concludes, because there was no "untried accusatory instrument," the Umatilla County District Attorney's Office did not fail to respond timely to the request for final disposition, and the trial court erred in reaching a contrary conclusion. Defendant contends that the order dismissing the case is not an appealable order. According to defendant, the state may appeal only those orders listed in ORS 138.060, and an order dismissing a case *after a plea of guilty* is not on the list. The state responds that the order is appealable under ORS 138.060(1), which authorizes

an appeal of "[a]n order made prior to trial dismissing or setting aside the accusatory instrument." The state reasons that the trial court implicitly set aside the 1985 guilty plea, thus returning the case to a pretrial posture, before it entered its order of dismissal. Defendant replies that the state's jurisdictional argument is undercut by its argument on the merits: If the trial court vacated the guilty plea, then the case was, indeed, in pretrial posture, the IAD 180-day rule did apply, and, like the hapless engineer in Shakespeare's Hamlet, the state is "hoist with [its] own petar."

The state moved in this court for a determination of jurisdiction, and the Chief Judge issued an order determining that the court has jurisdiction. That decision is subject to reconsideration by this panel. ORAP 7.15(3); *State ex rel Juv. Dept. v. Black*, 101 Or App 626, 628 n 1, 792 P2d 1225 (1990). We proceed, therefore, with the disposition of the parties' arguments concerning jurisdiction.

Appellate review of criminal cases is governed exclusively by statute. *State v. Threet*, 294 Or 1, 4, 653 P2d 960 (1982). Under ORS 138.060, the state may take an appeal from:

"(1)   An order made prior to trial dismissing or setting aside the accusatory instrument;

"(2)   An order arresting the judgment;

"(3)   An order made prior to trial suppressing evidence;

"(4)   An order made prior to trial for the return or restoration of things seized; or

"(5)   A judgment of conviction based on the sentence as provided in ORS 138.222."

In this case, the state argues that it has appealed an "order made prior to trial dismissing or setting aside the accusatory instrument." ORS 138.060(1). The term "prior to trial" in ORS 138.060(1) means "before jeopardy attaches." *Hattersley*, 294 Or at 597. The state concedes that jeopardy attached in this case when defendant entered his plea of guilty. *See State v. Taylor*, 62 Or App 220, 224, 660 P2d 690 (1983) ("once a guilty plea has been accepted by the court, the

defendant has been placed in 'jeopardy' "). It necessarily follows that the order that is the subject of the state's appeal is not an order "made prior to trial."

The state's argument that the trial court implicitly set aside the guilty plea before entering the dismissal order is unpersuasive. The state acknowledges that it is "unlikely that the court meant to set aside defendant's guilty plea," and we agree with that assessment. The record reveals that defendant never asked the court to set aside his guilty plea, the trial court never discussed the possibility of doing so, and the court's order says nothing about doing so.

We conclude that, because the trial court's order is not appealable under ORS 138.060(1), we lack jurisdiction to consider the state's appeal.

Appeal dismissed.