Argued and submitted January 10, judgment vacated in part; otherwise affirmed
February 23, 2000

# KEVIN WASHINGTON,
*Appellant,*

*v.*

# Dan JOHNSON,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

(97-07-29030-M; CA A103669)

997 P2d 263

Bob Pangburn argued the cause and filed the brief for appellant.

Janet A. Klapstein, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Landau, Presiding Judge, and Haselton and Wollheim, Judges.

LANDAU, P. J.

**LANDAU, P. J.**

In this action for post-conviction relief, petitioner appeals a summary judgment dismissing his claims and requiring him to pay $975 in attorney fees. He contends that the trial court erred in entering summary judgment for the state because there was a genuine issue of fact as to whether he voluntarily entered into his stipulated sentence agreement. He also contends that the court lacked authority to require him to pay attorney fees. We agree as to the latter contention, but not as to the former. We therefore reverse the portion of the judgment awarding attorney fees and otherwise affirm.

The following facts are not in dispute. Petitioner was charged with aggravated murder, first-degree robbery, first-degree burglary, and second-degree assault, and a jury found him guilty of those charges. Following receipt of the verdict, petitioner negotiated a stipulated sentencing agreement. Under that agreement, the state agreed not to seek the death penalty, and petitioner agreed to a sentence of life imprisonment with the possibility of parole and a sentence of 36 months' imprisonment to run consecutively. As a condition of the agreement, petitioner agreed to the following waiver:

> "Having been fully informed by his attorneys of the sentencing options available in this case and having been fully informed of possible legal and constitutional challenges to both the jury verdict and the possible sentences, [petitioner] specifically waives any legal or constitutional objections to pretrial proceedings, rulings by the court, his trial, the jury verdict, his conviction, and to the sentence he will receive based on this stipulation. This waiver is intended to eliminate the possibility of any future litigation regarding the defendant's pretrial motions, his trial, conviction, entry into this agreement or sentencing. It includes all existing or future claims, known or unknown, and all types of judicial or other review, including but not limited to all claims for post-conviction relief or federal habeas corpus relief."

The court engaged in a colloquy with petitioner, and, after testing petitioner's understanding of the stipulation, it accepted the agreement and sentenced petitioner according to its terms.

On April 9, 1997, petitioner initiated this action for post-conviction relief, alleging that his trial counsel was constitutionally inadequate in that counsel did not explain to him adequately the terms and conditions of the sentencing stipulation. He requested, and was given, court-appointed counsel. The state moved for summary judgment, offering an affidavit of petitioner's trial attorney attesting to the attorney's explanation of the terms of the stipulation and a transcript of the trial court's colloquy with petitioner. The state argued that the affidavit and transcript proved conclusively that petitioner had been informed fully about the nature of the stipulation and that any contention that petitioner would not have entered into the stipulation had he been better informed is simply not credible. Petitioner opposed the motion, offering testimony that contradicted the affidavit of his trial attorney as to the extent of the explanation of the stipulation. Petitioner, however, offered no testimony or argument that, had he been better informed about the stipulation, he would not have entered into it. The trial court allowed the state's motion and, on request of the state, required petitioner to pay $975 in court-appointed attorney fees.

■     On appeal, petitioner first argues that the trial court erred in entering summary judgment in favor of the state, because the summary judgment record reflects a genuine issue of material fact concerning the extent to which his trial counsel adequately explained the terms of the stipulated sentencing agreement. We review the entry of summary judgment to determine whether there was a genuine issue of material fact and whether the moving party was entitled to prevail as a matter of law. ORCP 47 C. To prevail on a claim for post-conviction relief, a petitioner must establish not only the denial of a constitutional right but also that prejudice resulted from the denial. *Trujillo v. Maass*, 312 Or 431, 436-37, 822 P2d 703 (1991).

■     In this case, petitioner contends that he was denied a constitutional right, that is, constitutionally adequate counsel. The state offered evidence that the representation was adequate and that petitioner fully understood the terms of the stipulation and its consequences. Petitioner's evidence

challenged the extent of counsel's explanation of the stipulation to him but it said nothing about whether the explanation made any difference to him. Specifically, petitioner offered no evidence that, had he understood the terms of the stipulation, he would have risked the imposition of the death penalty for an opportunity to pursue post-conviction relief. Likewise, on appeal, petitioner makes no claim that the lack of a more thorough explanation of the terms of the stipulation prejudiced him in any way.

Petitioner's only argument on appeal is that prejudice is inherent in the fact that he waived his rights to appeal and to pursue post-conviction relief without having been fully informed that that was what he was doing. The unknowing waiver of a *constitutional* right has been held to be inherently prejudicial. *Stelts v. State of Oregon*, 299 Or 252, 261, 701 P2d 1047 (1985). Petitioner has no constitutional right to either appeal or post-conviction relief, however. *Owens v. Maass*, 323 Or 430, 439, 918 P2d 808 (1996) (post-conviction relief is a statutory right); *State v. Summers*, 151 Or App 301, 305, 948 P2d 754 (1997) (appeal is a statutory right).

Thus, whether there is an issue of fact as to the nature of trial counsel's explanation of the terms of the stipulation, the fact remains that there is no evidence of prejudice. The trial court therefore did not err in entering summary judgment in favor of the state.

Petitioner next argues that the trial court erred in requiring him to pay attorney fees. The state argues that petitioner failed to preserve that argument and that, in any event, the trial court possessed authority under ORS 151.505 to award the fees.

In *Alexander v. Johnson*, 164 Or App 235, 990 P2d 929 (1999), we held that ORS 151.505 provides authority to award fees in a matter in which the initial petition was filed after January 1, 1998. We further held that, although the petitioner in that case had failed to raise the issue to the trial court, we could address it on appeal as plain error. *Id.* at 238.

In this case, the petition for post-conviction relief was filed on April 9, 1997. ORS 151.505 therefore does not

apply, and the trial court was without authority to require petitioner to pay attorney fees.

Judgment requiring petitioner to pay $975 in attorney fees vacated; otherwise affirmed.