Argued and submitted September 8, 2014, affirmed September 23, 2015, petition for review allowed May 5, 2016 (359 Or 525)

KARLYN EKLOF,
*Petitioner-Appellant,*

*v.*

Heidi STEWARD,
Superintendent,
Coffee Creek Correctional Facility,
*Defendant-Respondent.*

Washington County Circuit Court
C120242CV; A154212

359 P3d 570

Jason L. Weber argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Edmonds, Senior Judge.

LAGESEN, J.

**LAGESEN, J.**

Petitioner appeals from a judgment dismissing her petition for post-conviction relief with prejudice. The petition currently at issue is petitioner's second. She previously filed for post-conviction relief in 1999, after the completion of the direct appeal in her underlying criminal case. That petition for post-conviction relief was denied in 2001. This second petition, which petitioner filed at the beginning of 2012, alleges that petitioner is entitled to relief from her 1995 conviction for aggravated murder on three grounds: (1) that the prosecution withheld material exculpatory evidence in violation of its disclosure obligations under the Due Process Clause of the Fourteenth Amendment to the United States Constitution, as recognized by the Supreme Court in *Brady v. Maryland*, 373 US 83, 83 S Ct 1194, 10 L Ed 2d 215 (1963); (2) that trial counsel was inadequate and ineffective under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution for not objecting to the "natural and probable consequences" jury instruction that the Oregon Supreme Court later invalidated in *State v. Lopez-Minjarez*, 350 Or 576, 260 P3d 439 (2011), on the ground that the jury instruction was not an accurate statement of the law; and (3) that petitioner's first post-conviction lawyer was inadequate and ineffective for not raising the *Lopez-Minjarez* issue as a ground for relief in petitioner's first post-conviction petition. The state[1] moved for summary judgment, asserting that (1) the first two grounds for relief were barred by ORS 138.550(3), which requires a petitioner who files a second (or subsequent) post-conviction petition to demonstrate that the new grounds for relief "could not reasonably have been raised" in the first petition, and (2) the third ground for relief—that petitioner's first post-conviction lawyer was inadequate—was not a cognizable ground for post-conviction relief. The trial court granted the motion. We affirm.

---

[1] The named defendant in this matter is the superintendent of the correctional facility in which petitioner is incarcerated. Notwithstanding that fact, we commonly refer to the party opposing a post-conviction petition as "the state." That is because the subject matter of a post-conviction action is the validity of a criminal conviction secured by the state.

We review the post-conviction court's grant of summary judgment to determine whether the court correctly concluded that there are no genuine issues of material fact and that the state was entitled to judgment as a matter of law. *Washington v. Johnson*, 165 Or App 578, 581, 997 P2d 263, *rev den*, 330 Or 553 (2000) (citing ORCP 47 C). A genuine issue of material fact is lacking when, viewing the record in the light most favorable to the nonmoving party, petitioner, no reasonable factfinder could find for that party on the matter put at issue by the motion. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 638-39, 20 P3d 180 (2001). We address, in turn, the separate grounds for relief resolved by the post-conviction court's grant of summary judgment.

On appeal, petitioner has not challenged the grant of summary judgment to the state on her ground for relief predicated on the alleged inadequacy and ineffectiveness of petitioner's post-conviction lawyer in the first post-conviction case; for that reason, we affirm the grant of summary judgment to the state on that ground for relief.

We also affirm the grant of summary judgment to the state on petitioner's ground for relief predicated, in effect, on trial counsel's alleged inadequacy and ineffectiveness for not anticipating *Lopez-Minjarez*'s invalidation of the "natural and probable consequences" jury instruction on accomplice liability. We do so, however, for different reasons than the post-conviction court. After the court rendered its decision, we decided *Hale v. Belleque*, 255 Or App 653, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013). In that case, we rejected a post-conviction claim identical to petitioner's, ruling that, until the opinions of our court and the Supreme Court in *Lopez-Minjarez*, "[t]he failure of trial counsel to object to [the instruction] was a reasonable exercise of professional skill and judgment." *Hale*, 255 Or App at 686.[2] *Hale* dictates that

---

[2] In *Wade v. Brockamp*, 268 Or App 373, 342 P3d 142 (2015), we affirmed the post-conviction court's grant of relief for the failure of the petitioner's trial counsel to object to the "natural and probable consequences" jury instruction. We distinguished that case from *Hale* because the underlying criminal trial in *Hale* was decided before *State v. Anlauf*, 164 Or App 672, 995 P2d 547 (2000), where

petitioner's *Lopez-Minjarez* ground for relief fails as a matter of law, entitling the state to summary judgment on it.

We turn to petitioner's ground for relief predicated on the prosecution's alleged violation of its *Brady* obligations.[3] That ground for relief is based on allegations that the prosecution failed to turn over impeachment evidence related to two witnesses who testified at petitioner's criminal trial: David Tiner and John Distabile. ORS 138.550(3) barred that ground for relief unless petitioner demonstrated that it fell within the provision's escape clause: that is, that the *Brady* claim "could not reasonably have been raised" in her 1999 post-conviction petition. ORS 138.550(3); *Verduzco v. State of Oregon*, 357 Or 553, 565, 355 P3d 902 (2015). Because petitioner sought to invoke the escape clause under ORS 138.550(3) based on newly discovered facts, she had to show "that the facts on which [her] new grounds for relief depend[] could not reasonably have been discovered sooner." *Verduzco*, 357 Or at 566. To make that showing, she had to demonstrate both that the facts on which the new grounds for relief depend were not known to her (or her post-conviction lawyer) at the time of her first post-conviction proceeding and that it was reasonable for her not to have discovered them at that time. *Cain v. Gladden*, 247 Or 462, 464, 430 P2d 1015 (1967) (petitioner did not allege sufficient facts showing that grounds for relief "could not reasonably have been asserted" in an earlier proceeding because petitioner "did not state [in the petition] that the facts underlying his

---

we signaled that the uniform jury instruction misstated the law. *Wade*, 268 Or App at 384 n 5; *Anlauf*, 164 Or App at 678-79. Unlike *Wade* and like *Hale*, petitioner's criminal trial occurred before *Anlauf* and, thus, petitioner's counsel was not alerted to the fact that the instruction was legally flawed.

[3] The state's brief characterizes the prosecution's alleged *Brady* violation as a "discovery violation." That characterization, even if apt, obscures the nature of a *Brady* violation, which is a *constitutional* violation: "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 US at 87. Under *Brady*, the prosecution's withholding of evidence from an accused—whether willful or inadvertent—violates due process if the withheld evidence is "favorable to the accused, either because it is exculpatory, or because it is impeaching," and "there is a reasonable probability that the suppressed evidence would have produced a different verdict" if it had been provided to the defense. *Strickler v. Greene*, 527 US 263, 281-82, 119 S Ct 1936, 144 L Ed 2d 286 (1999).

\* \* \* grounds for relief were not known to him at the time of" the earlier proceeding);[4] *Verduzco*, 357 Or at 566.

Petitioner bore the burden of proving that her *Brady* ground for relief fell within the escape clause. *Verduzco*, 357 Or at 565 (the "phrasing [of ORS 138.550(3)] places the burden on the petitioner to show that an omitted ground for relief comes within the escape clause"). Consequently, to withstand the state's motion for summary judgment, petitioner had the burden of coming forward with admissible evidence that would permit a reasonable factfinder to find that the escape clause applied to the *Brady* claim. *Chapman v. Mayfield*, 263 Or App 528, 530-31, 329 P3d 12, *rev allowed*, 356 Or 400 (2014) (to withstand a motion for summary judgment, the party with the burden of proof must come forward with evidence that would permit a reasonable factfinder to find in that party's favor).

Petitioner did not meet that burden here. The summary judgment record contains a significant evidentiary gap: Petitioner submitted no evidence regarding what was known to petitioner and her post-conviction lawyer at the time of the 1999 post-conviction proceeding.[5] Petitioner did not submit an affidavit from her 1999 post-conviction lawyer, or any other evidence about what facts that lawyer knew during the 1999 post-conviction case. Petitioner also did not submit her own affidavit,[6] or any other evidence about what she herself knew during the 1999 post-conviction proceeding.

---

[4] *Cain* involved the escape clause of ORS 138.550(2), which bars a post-conviction petitioner from obtaining post-conviction relief on a ground that "reasonably could have been asserted" on direct appeal. In *Verduzco*, the Supreme Court relied on case law construing and applying the ORS 138.550(2) escape clause, including *Cain*, to delineate the scope of the ORS 138.550(3) escape clause. For that reason, we also rely on *Cain*.

[5] We note that the petition adequately pleaded that the *Brady* ground for relief falls within the escape clause; it alleged that the facts underlying petitioner's claim were not disclosed to any lawyer representing petitioner until 2012. However, once the state tested those pleadings by moving for summary judgment, petitioner was required to come forward with evidence that would permit a reasonable factfinder to find that petitioner had proved those allegations.

[6] Although the initial petition, which petitioner filed *pro se*, was verified, it does not set forth any facts as to what was known to petitioner and her post-conviction lawyer in 1999. Rather, the petition alleges that it "is a blatant error of the court to not have discovered this prior to 2010 and a violation of Brady v. Maryland" without addressing when petitioner became aware of the facts underlying that claim.

Instead, petitioner submitted affidavits from the two law-yers who represented her in her criminal trial, Kolego and Murdock; an affidavit from an investigator, DeLeon, whose relationship to petitioner's case is not made clear in the affi-davit; and a copy of the Distabile impeachment material. In their affidavits, the two lawyers state that the impeachment materials were not disclosed to them during petitioner's criminal trial. DeLeon states that, at the time of petitioner's first post-conviction case in 1999, "from personal experi-ence," a complete criminal history check could not be per-formed without the assistance of a law enforcement agency or a district attorney. None of that evidence speaks to what petitioner and her post-conviction lawyer knew or did not know at the time of the 1999 post-conviction proceeding, and none would permit a reasonable factfinder to find that peti-tioner and her post-conviction lawyer did not know at that time the facts on which her *Brady* claim depends. For that reason, the trial court correctly granted summary judgment to the state on the *Brady* ground for relief.[7]

Affirmed.

---

[7] In the light of our conclusion that the summary judgment record would not permit a reasonable factfinder to find that petitioner and her post-conviction law-yer did not know the facts on which her *Brady* claim depends, we do not address the parties' competing arguments as to whether and what extent a post-conviction petitioner who does not discover the facts underlying a *Brady* claim until after a first post-conviction proceeding must demonstrate that she affirmatively investi-gated whether the prosecution might have violated its *Brady* obligations in order to demonstrate that the *Brady* claim could not reasonably have been raised in the original petition, or their competing arguments as to whether due process would permit a state to impose that type of investigatory obligation on a petitioner. We note that the Supreme Court has concluded in a similar context that a federal habeas petitioner's failure to raise a *Brady* claim in earlier state court proceed-ings was excused where the petitioner had secured the state's representations in both the direct criminal proceedings and in the post-conviction proceedings that the state had provided all *Brady* materials. *See Banks,* 540 US at 698 (fed-eral habeas petitioner's failure to litigate *Brady* claim in state court excused by "cause" where the state had represented in direct criminal proceedings and in post-conviction proceedings that it had complied with *Brady* obligations; the peti-tioner "was entitled to treat the prosecutor's submissions as truthful").