Argued and submitted March 5, 2015, reversed and remanded May 18, 2016

GLEN ALAN PUTNAM,
*Petitioner-Appellant,*

*v.*

Rick ANGELOZZI,
Superintendent,
Warner Creek Correctional Facility,
*Defendant-Respondent.*

Lake County Circuit Court
110284CV; A152069

374 P3d 994

Jason L. Weber argued the cause and filed the briefs for appellant.

Paul Smith, Deputy Solicitor General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and David B. Thompson, Assistant Attorney General.

Before Duncan, Presiding Judge, and Lagesen, Judge, and Flynn, Judge.

## LAGESEN, J.

Petitioner appeals from a judgment dismissing with prejudice his petition for post-conviction relief. The trial court dismissed the petition after concluding that defendant was entitled to summary judgment on the ground that the claims alleged in the petition were ones that reasonably could have been asserted in petitioner's direct appeal and that, as a result, ORS 138.550(2)[1] barred petitioner from raising them in a petition for post-conviction relief. For the reasons that follow, we conclude that there are factual disputes as to whether the bar contained in ORS 138.550(2) applies to the claims alleged in the petition and, for that reason, we reverse and remand.

The issue on appeal is whether the claims alleged in the petition are barred as a matter of law by ORS 138.550(2). That provision limits post-conviction review of issues that ordinarily should have been raised on direct appeal in the post-conviction petitioner's underlying criminal case. Specifically, the first sentence of ORS 138.550(2) generally bars a post-conviction petitioner from raising issues about the petitioner's conviction or sentence if those issues reasonably could have been raised on direct appeal in the underlying criminal case. *See Walton v. Thompson*, 196 Or App 335, 340-51, 102 P3d 687 (2004), *rev den*, 338 Or 375 (2005). It states:

> "When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding."

---

[1]  ORS 138.550(2) states:

"When the petitioner sought and obtained direct appellate review of the conviction and sentence of the petitioner, no ground for relief may be asserted by petitioner in a petition for relief under ORS 138.510 to 138.680 unless such ground was not asserted and could not reasonably have been asserted in the direct appellate review proceeding. If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

The second sentence of ORS 138.550(2) carves out an exception to that bar for a certain class of post-conviction petitioners: those who were not represented by lawyers on direct appeal because they could not afford lawyers and because they were not given court-appointed counsel. *Verduzco v. State of Oregon*, 357 Or 553, 563 n 8, 355 P3d 902 (2015) ("If the petitioner was not represented by counsel on direct appeal due to lack of funds, then only those grounds for relief that had been specifically decided on appeal are barred from being asserted on post-conviction."); *Delaney v. Gladden*, 232 Or 306, 308, 374 P2d 746 (1962) ("This limitation [contained in ORS 138.550(2)] does not apply if the petitioner had not been represented by counsel on direct appeal."). It allows persons falling within that class to raise any issue that was not, in fact, decided on direct appeal:

> "If petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding, any ground for relief under ORS 138.510 to 138.680 which was not specifically decided by the appellate court may be asserted in the first petition for relief under ORS 138.510 to 138.680, unless otherwise provided in this section."

The legislature's intent in creating this exception was to ensure that indigent defendants were treated fairly, and were not precluded from litigating issues simply because they lacked legal assistance on appeal. Jack G. Collins and Carl R. Neil, *The Oregon Postconviction-Hearing Act,* 39 Or L Rev 337, 357-58 (1960). As Collins and Neil explain, "[t]he assumption is that a layman cannot be held responsible for failure to proceed and raise legal issues when he is without legal assistance," and that "it is harsh to apply the *res judicata* rules of [ORS 138.550(2)] unless a petitioner was represented by counsel at all stages of the postconviction proceeding." *Id.* at 357, 365. In other words, for persons who lacked funds and were unrepresented on their direct appeals because of that lack of funds to retain counsel, the legislature intended that post-conviction proceedings would, at times, serve the same function as a direct appeal, and result in review of issues that otherwise should have been appellate issues in the petitioner's direct criminal appeal.

*Id.* at 357 (describing as a "half truth" the premise that a post-conviction or habeas proceeding cannot serve the same function as a direct appeal).

In this case, petitioner challenges the revocation of his probation and the 85-month term of incarceration that the trial court imposed upon revocation. Petitioner alleges three different grounds for relief in the post-conviction petition: (1) that the state's request to revoke petitioner's probation had been in retaliation for petitioner's exercise of his constitutionally protected religious liberties; (2) that the evidence on which petitioner's probation revocation was based was false and misleading, and did not support revocation; and (3) that the term of incarceration imposed violated petitioner's right to be free from double jeopardy under the state and federal constitutions. The parties do not appear to dispute that those issues are ones that, in theory, could have been raised on direct appeal of the probation-revocation judgment; the parties also do not dispute that those issues were not in fact decided by the appellate courts in the context of petitioner's direct appeal.

Defendant moved for summary judgment on the basis that the first sentence of ORS 138.550(2) barred petitioner from raising those issues in a post-conviction proceeding. Petitioner opposed that motion with evidence, arguing that his evidentiary submissions demonstrated that there were factual issues as to whether ORS 138.550(2) barred his post-conviction claims. Among other things, petitioner asserted that, although he had pursued a direct appeal, he did not raise his post-conviction claims in that direct appeal because petitioner was indigent and "improperly denied appointment of indigent defense counsel and production of transcripts at state expense," apparently invoking the exception created by the second sentence of ORS 138.550(2) for defendants who were unrepresented on direct appeal by virtue of a lack of funds and the court's failure to appoint counsel. The post-conviction court granted the motion for summary judgment.[2]

---

[2] We note that in his reply memorandum in support of his motion for summary judgment, defendant raised for the first time a new argument as to why summary judgment should be granted on petitioner's double jeopardy claim: that it failed as a matter of law under *State v. Eckley*, 34 Or App 563, 579 P2d 291

On appeal, petitioner argues, among other things, that his evidentiary submissions would permit a reasonable factfinder to find that petitioner falls within the second sentence of ORS 138.550(2)—that is, that petitioner was not represented on direct appeal as a result of his asserted indigency and the court's failure to appoint counsel for him—thereby creating a factual dispute as to whether ORS 138.550(2) bars petitioner's claims, and making the grant of summary judgment for defendant erroneous.[3] We review the post-conviction court's grant of summary judgment to determine whether the court correctly concluded that there are no genuine issues of material fact and that defendant was entitled to judgment as a matter of law. *Washington v. Johnson*, 165 Or App 578, 581, 997 P2d 263, *rev den*, 330 Or 553 (2000) (citing ORCP 47(C)). A genuine issue of material fact is lacking when, viewing the record in the light most favorable to the nonmoving party, petitioner, no reasonable factfinder could find for that party on the matter put at issue by the motion. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 638-39, 20 P3d 180 (2001).

Here, the summary judgment record evidences a genuine issue of material fact as to whether ORS 138.550(2) bars petitioner's claims. The record, when viewed in the light most favorable to petitioner, would permit a reasonable factfinder to find that "petitioner was not represented by counsel in the direct appellate review proceeding, due to lack of funds to retain such counsel and the failure of the court to appoint counsel for that proceeding," and, consequently, would permit the conclusion that ORS 138.550(2) does not

(1978). That argument did not provide a basis for summary judgment because defendant did not move for summary judgment on that ground, and petitioner was never afforded an opportunity to address it. *See Two Two v. Fujitec America, Inc.*, 355 Or 319, 326, 325 P3d 707 (2014) (explaining that, under ORCP 47, proponent of summary judgment must identify by motion the issues on which they contend that they are entitled to prevail as a matter of law, and that opponent need respond only to identified issues). For that reason, we infer that the court's grant of summary judgment was based on the arguments presented in defendant's opening memorandum, and not the new *Eckley* argument raised for the first time in defendant's reply memorandum. We express no opinion on the merits of defendant's *Eckley* argument.

[3] Because we agree with defendant that there is a genuine issue of material fact as to whether his appeal is barred by ORS 138.550(2), we do not address his alternative contentions.

bar petitioner's claims. It is undisputed that petitioner was not appointed counsel for direct appeal, despite his request for counsel. Beyond that, petitioner's evidentiary submissions, if credited, would permit a reasonable factfinder to find that, at the time of his direct appeal, petitioner did not have the money to hire a lawyer. From those submissions, a reasonable factfinder could find that petitioner was unemployed and incarcerated at the time of his direct appeal and, as a result, had no income. A reasonable factfinder could further find that petitioner and his wife were in debt; as a result of the crash in the real estate market, petitioner and his wife were "underwater" on their mortgage. Finally, a reasonable factfinder could find that petitioner's wife's monthly income (to the extent that that income might otherwise be available to petitioner) was consumed by the debt on the underwater mortgage, leaving no money to spare for petitioner to hire a lawyer or even pay for the transcripts necessary to pursue an appeal. The post-conviction court therefore erred when it concluded, on this record, that ORS 138.550(2) bars petitioner's post-conviction claims as a matter of law.

Ordinarily, that conclusion would end our discussion. But at oral argument, defendant advanced an entirely new argument as to why summary judgment was proper, and asked us to affirm on that basis. Defendant pointed to the fact that petitioner had requested appointed counsel for his direct appeal, but that the circuit court denied that request based on the indigence verification specialist's recommendation that petitioner's wife's income and assets were sufficient to hire an attorney for petitioner. Defendant then argued that the circuit court's determination that petitioner was not eligible for appointment of counsel on appeal is preclusive on the issue of whether defendant's lack of representation on direct appeal resulted from defendant's lack of funds. In other words, defendant's position now appears to be that, even if the evidence in the summary judgment record would permit a reasonable factfinder to find that petitioner could not, in fact, afford to hire a lawyer on direct appeal, thereby placing petitioner within the class of persons protected by the second sentence of ORS 138.550(2), the circuit court's earlier indigency determination bars petitioner from now proving that he did not have the funds to hire an attorney on direct appeal.

That argument raises serious questions as to whether and in what circumstances a circuit court's determination that a criminal defendant is not eligible for the appointment of counsel on appeal should be deemed to be preclusive on the issue of whether a post-conviction petitioner's lack of representation on direct appeal was due to lack of funds for purposes of ORS 138.550(2). However, defendant neither raised that argument below nor in his brief on appeal. As a consequence, the parties have not briefed those questions, and petitioner has had no opportunity to present evidence pertinent to that point.[4] For that reason, we conclude that defendant's belated preclusion argument does not provide an alternative basis for affirming the trial court's grant of summary judgment to defendant.

Reversed and remanded.

---

[4] For example, even assuming preclusion principles apply in this context, the parties have not briefed whether the ordinary elements of issue preclusion are present, *see Nelson v. Emerald People's Utility Dist.*, 318 Or 99, 103, 862 P2d 1293 (1994), or provided any other written argument as to why the circuit court's prior indigency determination should be afforded preclusive weight on the question whether petitioner had the funds to retain an attorney for direct appeal.