Argued and submitted January 12, 2016, reversed and remanded
September 13, 2017

CAROL DENISE WINSTEAD,
*Petitioner-Appellant,*

*v.*

STATE OF OREGON,
*Defendant-Respondent.*

Harney County Circuit Court
1208331CV; A156458

403 P3d 444

Jason Weber argued the cause for appellant. With him on the brief was O'Connor Weber LLP.

Robert M. Wilsey, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Anna M. Joyce, Solicitor General.

Before DeVore, Presiding Judge, and James, Judge, and Duncan, Judge pro tempore.*

---

* James, J., *vice* Flynn, J. pro tempore.

## DUNCAN, J. pro tempore

In this post-conviction case, the court granted summary judgment against petitioner on the ground that her claims of inadequate assistance of counsel were barred by ORS 138.510(3) because they were not filed within two years of her conviction. On appeal, petitioner argues that, viewed in the light most favorable to her, the record demonstrates that the grounds asserted in her petition "could not reasonably have been raised in the original or amended petition," ORS 138.510(3), thereby bringing them within the statutory exception to the two-year filing period. We agree with petitioner and therefore reverse and remand.

A belabored discussion of the background of this case would not benefit the bench, the bar, or the public. Suffice it to say that the facts, viewed in the light most favorable to petitioner, as the summary judgment posture of this case requires, *see* ORCP 47 C, establish that petitioner received inadequate assistance of counsel at various stages of her criminal proceedings, including appellate counsel's failure to file a timely notice of appeal after her conviction for theft was entered on April 8, 2011. Then, on August 14, 2012—still within two years of her conviction— petitioner initiated post-conviction proceedings, but not by filing a petition; instead, she apparently initiated the proceedings by filing an affidavit of indigency, and the court appointed counsel *before* she had filed a *pro se* petition for post-conviction relief.[1] A later entry in the official case registry reflects that "attys advised court will file petition by 3/1/13," but no petition was filed by that date.

A petition for post-conviction relief was eventually filed by appointed counsel in May 2013, more than two years after the date of petitioner's conviction. The state, which is the named defendant in the case, moved for summary judgment on the ground that the claims asserted in the petition were untimely under ORS 138.510(3), which provides that a petition for post-conviction relief

---

[1] The record is not entirely clear as to how the proceedings were initiated. The first entry in the case registry is "other," and the second is an affidavit of indigency, both dated August 14, 2012. Neither document is in the court file. The first document that appears in the file is an order appointing counsel, also dated August 14, 2012.

"must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."

The post-conviction court agreed with the state and granted the motion.

On appeal, petitioner argues that the unique circumstances of this case—namely, that she was appointed counsel who failed to file a timely petition on her behalf—created a situation in which the grounds asserted in her late petition could not "reasonably have been raised in the original or amended petition." We agree.

As the Supreme Court explained in *Verduzco v. State of Oregon*, 357 Or 553, 566, 355 P3d 902 (2015), the relevant inquiry under the statutes governing timely and successive petitions is not whether "a petitioner *conceivably* could have raised the grounds for relief in an earlier petition. Rather, the question is whether the petitioner *reasonably* could have raised those grounds for relief earlier, a question that calls for a judgment about what was 'reasonable' under the circumstances." (Emphases added.) *See also id.* at 571 ("[T]he question whether a claim reasonably could have been raised earlier will vary with the facts and circumstances of each claim.").

Here, the relevant facts and circumstances include the curious procedural posture of this case. The post-conviction scheme expressly contemplates that post-conviction counsel will be appointed *after* an original petition has been filed by a *pro se* petitioner. *See* ORS 138.590(2) ("If the petitioner wishes to proceed as a financially eligible person, the person *shall file with the petition* an affidavit stating inability to pay the expenses of a proceeding * * *. If the circuit court is satisfied that the petitioner is unable to pay such expenses or to employ suitable counsel, it shall order that the petitioner proceed as a financially eligible person." (Emphasis added.)); ORS 138.590(4) ("In the order to proceed as a financially eligible person, the circuit court shall appoint suitable counsel

to represent petitioner."). Post-conviction counsel then has an opportunity to amend a *pro se* petition that is defective in form or substance. *See* ORS 138.590(5) (describing the process by which appointed counsel can seek to amend an original petition).

In this case, for whatever reason, that process was not followed, and counsel was appointed without an original petition having been filed by petitioner. With that appointment of counsel, petitioner lost her ability to file *pro se* an original petition, as contemplated by the post-conviction scheme, and it was incumbent upon appointed counsel to file a timely petition. *See* ORS 9.320 ("Where a party appears by attorney, the written proceedings must be in the name of the attorney, who is the sole representative of the client of the attorney as between the client and the adverse party * * *."); *Johnson v. Premo*, 355 Or 866, 877, 333 P3d 288 (2014) (rejecting an argument that *Church v. Gladden*, 244 Or 308, 417 P2d 993 (1966), "may be fairly understood to state an exception to the requirement of ORS 9.320 that represented parties ordinarily must appear through counsel").

As described above, appointed counsel apparently represented to the court that a timely petition would be filed, but he then failed to do so. In that circumstance, counsel's failure cannot reasonably be attributed to petitioner for purposes of ORS 138.510(3), where the effect would be to deny her any meaningful opportunity for post-conviction review. *Accord Church*, 244 Or at 312-13 (holding that a similarly worded "*res judicata*" provision of ORS 138.550(3)[2] should not be applied "so as to prevent a petitioner from securing an opportunity for at least one full and fair hearing on all issues").

---

[2] That statute provides:

"All grounds for relief claimed by petitioner in a petition pursuant to ORS 138.510 to 138.680 must be asserted in the original or amended petition, and any grounds not so asserted are deemed waived *unless the court on hearing a subsequent petition finds grounds for relief asserted therein which could not reasonably have been raised in the original or amended petition.* However, any prior petition or amended petition which was withdrawn prior to the entry of judgment by leave of the court, as provided in ORS 138.610, shall have no effect on petitioner's right to bring a subsequent petition."

(Emphasis added.)

The court's reasoning in *Church* is particularly instructive. In *Church*, the petitioner brought a successive petition for post-conviction relief and argued that the grounds for relief "could not reasonably have been raised [in his earlier petition] because his court-appointed attorney failed and refused to do so, although requested to pursue such course of action by the petitioner." 244 Or at 311. The court ultimately concluded that the petitioner had "not alleged sufficient reasons to escape the application of the *res judicata* provision of ORS 138.550(3)," but it reached that conclusion because the petitioner had an opportunity to raise counsel's failures in the earlier proceeding, when those failures could easily be remedied:

> "If petitioner's attorney in the first post-conviction proceeding failed to follow any legitimate request, petitioner could not sit idly by and later complain. He must inform the court at first opportunity of his attorney's failure and ask to have him replaced, or ask to have him instructed by the court to carry out petitioner's request. This is not too great a burden to place upon a petitioner when the attorney's failure to follow legitimate instructions takes place in petitioner's presence. All petitioner had to do was to speak to the court during his hearing on the first petition."

*Id.* at 311-12.

Implicit in that holding was the view that grounds for relief would *not* be barred by ORS 138.550(3)—*i.e.*, they would fall within the exception for grounds that "could not reasonably have been raised in the original or amended petition"—where post-conviction counsel failed to raise the claims but the petitioner had alerted the post-conviction court of that failure at the earliest opportunity, to no avail. Indeed, the Supreme Court later recognized as much in *Johnson*, in the course of rejecting an argument that *Church* authorized hybrid representation:

> "*Church* says no more than this: If a post-conviction petitioner's attorney fails to assert a ground for relief, the petitioner must bring that fact to the attention of the court *to avoid the effect of ORS 138.550(3)*."

*Johnson*, 355 Or at 877 (emphasis added). *See also Bogle v. State of Oregon*, 284 Or App 882, 883, 395 P3d 643 (2017)

("As we understand *Johnson*'s clarification of *Church, Church* did not require the post-conviction court to respond to petitioner's *pro se* claims by making the discretionary determination advocated by petitioner or to consider those claims on their merits. Rather, *Church* means simply that, to the extent the post-conviction court refused to consider those claims because they were not asserted through counsel, ORS 138.550(3) will not bar petitioner from pursuing them in a subsequent petition because he has followed *Church*'s directive by bringing those claims to the attention of the post-conviction court below in this proceeding."); *Lopez v. Nooth*, 287 Or App 731, 735, 403 P3d 484 (2017) (discussing *Church*).

Here, by contrast, petitioner had no meaningful opportunity to bring post-conviction counsel's failure to the attention of the court at an earlier time. It was reasonable for petitioner to assume that her counsel would meet the most basic of professional obligations—filing the petition within the two-year filing period—and by the time that petitioner's counsel failed to meet that obligation, it was too late for the type of contemporaneous objection contemplated in *Church* and *Johnson*.

Moreover, in construing what is "reasonable" for purposes of the exception in ORS 138.510(3), we are mindful of the constitutional protections in the background of Oregon's Post-Conviction Hearing Act. *See generally State v. McNally*, 361 Or 314, 337, 392 P3d 721 (2017) (explaining that "courts often avoid an interpretation of a statute that would raise constitutional problems in application, if another reasonable interpretation of the statute would not"). Assuming the truth of petitioner's evidence and allegations,[3] if we were to interpret ORS 138.510(3) as a bar to petitioner's effort to seek post-conviction relief, she will have (1) been convicted and sentenced, including a substantial restitution award, as a result of receiving constitutionally ineffective trial counsel; (2) lost her right to appeal the underlying trial court error as a result of ineffective assistance of appellate counsel; and (3) then lost her right to collateral review of

---

[3] For purposes of the motion for summary judgment, the state raised only the issue of timeliness; it did not dispute the merits of the allegations.

the actions of trial and appellate counsel as a result of her post-conviction counsel's failing. We decline to interpret the exception in ORS 138.510(3) so narrowly that it could implicate due process concerns in these circumstances. *Cf. Evitts v. Lucey*, 469 US 387, 396, 105 S Ct 830, 83 L Ed 2d 821, *reh'g den*, 470 US 1065, 105 S Ct 1783, 84 L Ed 2d 841 (1985) ("A first appeal as of right [in a criminal prosecution] therefore is not adjudicated in accord with due process of law if the appellant does not have the effective assistance of an attorney."); *Shipman v. Gladden*, 253 Or 192, 199, 453 P2d 921 (1969) (holding that "failure of counsel to timely file a notice of appeal after he has been requested or agreed to do so is incompetence as a matter of law and a denial of due process"); *id.* at 203 ("We are also satisfied that unless appropriate relief is granted [under Oregon's Post-Conviction Hearing Act] the denial of petitioner's rights that occurred in this case will render his conviction void."); *see also Knox v. Nooth*, 244 Or App 57, 64, 260 P3d 562 (2011) ("States must afford people convicted of crimes 'some clearly defined method by which they may raise claims of denial of federal [constitutional] rights' arising from the criminal proceedings that led to their conviction." (quoting *Young v. Ragen*, 337 US 235, 239, 69 S Ct 1073, 93 L Ed 1333 (1949)); *id.* ("[T]he Oregon legislature adopted the Post-Conviction Hearing Act * * * to provide an effective procedure for people convicted of crimes to obtain relief against constitutionally flawed convictions.").

For those reasons, in this unique procedural posture, and viewing the facts in the light most favorable to petitioner, we hold that her post-conviction claims fall within the escape clause of ORS 138.510(3) for claims that "could not reasonably have been raised in the original or amended petition." Accordingly, we conclude that the post-conviction court erred in granting summary judgment against petitioner.[4]

Reversed and remanded.

---

[4] In light of our resolution of petitioner's first assignment of error, we do not address her remaining assignment, which concerns the form of the judgment.