LAGESEN, P. J.
*165 In 2010, petitioner pleaded guilty to one count of aggravated murder and was sentenced to life imprisonment with a 30-year minimum term of incarceration. In 2015, petitioner initiated this post-conviction proceeding-his second-in which he alleges four claims for relief: (1) inadequate and ineffective assistance of trial counsel (claim one); (2) prosecutorial misconduct (claim two); (3) actual innocence (claim three); and (4) inadequate assistance of post-conviction counsel in his previous post-conviction proceeding (claim four). On the superintendent's motion for summary judgment, the post-conviction court dismissed the petition as untimely and successive, also ruling that petitioner's claims of actual innocence, prosecutorial misconduct, and inadequate assistance were not legally proper bases for post-conviction relief and were subject to dismissal for that additional reason. For the reasons that follow, we reverse except as to the dismissal of the claim of inadequate assistance of post-conviction counsel.
"We review the post-conviction court's grant of summary judgment to determine whether the court correctly concluded that there are no genuine issues of material fact and that [the superintendent] was entitled to judgment as a matter of law." Putnam v. Angelozzi , 278 Or. App. 384, 388, 374 P.3d 994 (2016).
As noted, the post-conviction court's primary basis for granting summary judgment was that the petition was untimely under ORS 138.510 and successive under ORS 138.550. In opposing the superintendent's motion, petitioner did not dispute either that the petition was untimely or that it was successive. Instead, petitioner contended that he was entitled to pursue his claims under the escape clauses of ORS 138.510 and ORS 138.550, which permit a petitioner to pursue a ground for post-conviction relief in an untimely or successive petition if that ground for relief "could not reasonably have been raised" in a timely filed first petition for post-conviction relief. ORS 138.510(3) ; ORS 138.550(3).
To support his contention that the escape clauses excused his untimely, successive filing, petitioner submitted *166 evidence showing that his lawyer in the previous post-conviction proceeding had dismissed it without his knowledge or permission, thereby resulting in his inability to pursue his claims in that timely filed first post-conviction proceeding. Although that evidence, if credited, could support a determination that petitioner could not reasonably have raised his asserted grounds for post-conviction relief in that prior, timely proceeding, see, e.g. , Winstead v. State of Oregon , 287 Or. App. 737, 403 P.3d 444 (2017) (where appointed post-conviction counsel failed to timely file post-conviction petition without alerting the petitioner to the dereliction, the petitioner could not reasonably *418 have raised her claims in a timely filed petition in view of appointed counsel's dereliction), the post-conviction court granted summary judgment to the superintendent because it found that petitioner's claim was "simply not credible."
As the superintendent concedes, that ruling is erroneous. Under ORCP 47 C, at the summary judgment stage of the case, the post-conviction court was required to view the evidence "in a manner most favorable to" petitioner. It, therefore, was not permitted to discredit petitioner's evidence. Moreover, as the superintendent also correctly concedes, petitioner's evidence would allow an objectively reasonable fact finder to find that petitioner's first petition was dismissed without his knowledge or consent, in a manner that could entitle him to the benefit of the escape clauses. See Winstead , 287 Or. App. at 743, 403 P.3d 444 (appointed counsel's failure to timely file initial post-conviction petition as promised excused the petitioner's untimely filing under the escape clause of ORS 138.510 ); Keerins v. Schiedler , 132 Or. App. 560, 562-64, 889 P.2d 385 (1995) (post-conviction petitioner was entitled to file an untimely petition pursuant to the ORS 138.510 escape clause where his attorney misinformed him that his direct criminal proceeding was still pending and therefore it was not time to file for post-conviction relief); Fine v. Zenon , 114 Or. App. 183, 187, 834 P.2d 509 (1992) (post-conviction petitioner was permitted to file an untimely petition under ORS 138.510 where untimeliness resulted, at least in part, from the petitioner's lawyer's violation of his professional duty to keep the petitioner informed about the status of his case).
*167 Having acknowledged that error,[1] the superintendent also concedes that the dismissal of petitioner's claim for inadequate and ineffective assistance of counsel must be reversed. With respect to the remaining three claims, however, the superintendent urges us to affirm the dismissals for various alternative reasons. We address those arguments in turn.
First, with respect to petitioner's claim of actual innocence, the superintendent argues that we should affirm the dismissal on the ground that the post-conviction court was correct to conclude that "a claim of actual innocence is not a basis for post-conviction relief." The superintendent notes that his arguments on that point largely track those advanced in Reeves v. Nooth , 294 Or. App. 711, 432 P.3d 1105 (2018). Although in Reeves we did not definitively resolve whether a claim of actual innocence presents a cognizable claim for post-conviction relief in Oregon, we articulated a number of considerations regarding the availability and parameters of any such claim. Having considered the summary judgment record in this case, we conclude that, on this record, the correct disposition is to remand to the post-conviction court to give the parties an opportunity to address petitioner's claim in view of the considerations articulated in Reeves .
Second, with respect to petitioner's claim of ineffective assistance of post-conviction counsel, the superintendent contends that we should affirm the dismissal of that claim on the ground that such a claim is foreclosed by our case law. See White v. Premo , 285 Or. App. 570, 581-82, 397 P.3d 504 (2017), rev. allowed , 363 Or. 727, 429 P.3d 385 (2018) ; Hayward v. Premo , 281 Or. App. 113, 119, 383 P.3d 437, rev. den. , 360 Or. 751, 388 P.3d 716 (2016). We agree with that contention and, accordingly, affirm the judgment insofar as it dismisses petitioner's fourth claim for relief.
*168 Third, the superintendent asserts that we should affirm the dismissal of petitioner's prosecutorial misconduct claim under the "right for the wrong reason" principle. The superintendent concedes-correctly-that the court's two articulated bases for dismissing that claim (that it was not salvaged by the escape clause and that it is not a proper basis for post-conviction relief) were incorrect. The superintendent argues that we *419 should affirm nevertheless on the ground that, on its face, the claim fails under Dist. Attorney's Office for Third Judicial Dist. v. Osborne , 557 U.S. 52, 129 S.Ct. 2308, 174 L.Ed.2d 38 (2009), in view of the fact that petitioner's claim appears to be predicated in significant part on conduct occurring after his conviction became final. But the superintendent did not put that point at issue in his motion for summary judgment and, had it been put at issue, petitioner may have been able to develop evidence to counter that point.[2] Under those circumstances, we may not affirm the grant of summary judgment on that claim on the alternative basis advanced by the superintendent. Eklof v. Steward , 360 Or. 717, 734-37, 385 P.3d 1074 (2016).
For those reasons, we reverse the judgment of dismissal as to the first three grounds for relief and remand for further proceedings, but affirm the dismissal of the fourth ground for relief.
Reversed and remanded as to claims one through three; otherwise affirmed.

We note that the superintendent's reply brief on summary judgment, in which the superintendent argued fairly strenuously that "[p]etitioner cannot be considered credible," may have played a role in the court's error. In view of the argument advanced below, we appreciate the superintendent's belated recognition before us that such an argument is not compatible with the standards established by ORCP 47.

Although petitioner's arguments on appeal focus on alleged prosecutorial misconduct occurring after petitioner's conviction became final, it is not as clear from the pleadings that petitioner's claim, as a whole, is so temporally limited.