Submitted February 4, reversed and remanded September 15, 2021

DANIEL CHRISTOPHER BEAN,
*Petitioner-Appellant,*

*v.*

Brad CAIN,
Superintendent,
Snake River Correctional Institution,
*Defendant-Respondent.*

Malheur County Circuit Court
17CV38858; A170546

497 P3d 1273

Petitioner appeals a judgment entered after the post-conviction court granted summary judgment in favor of the superintendent on the basis that petitioner's claims were untimely. On appeal, petitioner argues that he demonstrated a genuine issue of material fact with respect to the application of the ORS 138.510 "escape clause," because the record reflects that petitioner's retained counsel did not timely file the post-conviction petition as petitioner had reasonably expected. *Held*: Petitioner was entitled to assume that retained counsel would meet the most basic of professional obligations by filing the petition within the two-year filing period, and a trier of fact could infer that petitioner was unable to determine until January 2016—the date that petitioner alleges that he learned of counsel's mistake—that no post-conviction proceeding had been initiated. That would toll the application of the statute of limitations until January 2016, making his petition timely.

Reversed and remanded.

Lung S. Hung, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Presiding Judge, and James, Judge, and Kamins, Judge.

LAGESEN, P. J.

Reversed and remanded.

**LAGESEN, P. J.**

Petitioner appeals a judgment entered after the post-conviction court granted summary judgment in favor of the superintendent on the basis that petitioner's claims were untimely. *See* ORS 138.510(3) (providing that a post-conviction petition "must be filed within two years of the [date that the conviction became final], unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition"). As explained below, we conclude that petitioner demonstrated a genuine issue of material fact with respect to the application of the ORS 138.510 "escape clause," which allows petitioners to file what might otherwise appear to be untimely claims for relief if those claims could not reasonably have been raised within the statute of limitations. Accordingly, we reverse and remand.

We review a post-conviction court's grant of summary judgment to determine "whether the court correctly concluded that there are no genuine issues of material fact and that [the superintendent] was entitled to judgment as a matter of law." *Putnam v. Angelozzi*, 278 Or App 384, 388, 374 P3d 994 (2016). A movant is entitled to summary judgment if, viewing the evidence in the record in the light most favorable to the opposing party, the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that the moving party is entitled to prevail as a matter of law. *McDonnell v. Premo*, 309 Or App 173, 183, 483 P3d 640 (2021) (citing ORCP 47 C).

Viewing the record in the light most favorable to petitioner, the nonmoving party, it reflects the following facts pertinent to the issue before us. Petitioner was convicted of multiple sexual offenses and judgment was entered in October 2010. He appealed, this court affirmed, and the appellate judgment was entered on August 29, 2013.

Meanwhile, in the spring of 2013, petitioner had retained counsel, Celuch, to file a post-conviction petition on his behalf when the appeal was final. As it turned out, Celuch mistakenly believed that another attorney was representing petitioner in post-conviction proceedings (based

on correspondence related to a different set of charges), and Celuch allowed the two-year deadline to lapse without filing a petition. Petitioner, who is and was incarcerated, last spoke with Celuch in February 2013; petitioner's family attempted to contact Celuch in June 2015, but Celuch did not return the calls. In January 2016, petitioner learned of Celuch's mistake and that no petition had been filed on his behalf.

On September 11, 2017, just over four years after the appellate judgment issued, petitioner filed a *pro se* petition for post-conviction relief; he was then appointed counsel and counsel filed an amended petition. Petitioner alleged that he could not reasonably have raised his claims within the two-year limitations period because he retained counsel but then counsel let the statute-of-limitations period expire.

The superintendent moved for summary judgment, arguing that petitioner could not demonstrate that his claims could not have been filed within the two-year filing period. The post-conviction court expressed concern with Celuch's representation of petitioner but concluded that it did not excuse the late filing. The court explained:

> "Petitioner was aware of the statute of limitation, was aware of how to hire an attorney and was aware of how to file a petition. Nothing prevented the claim from being filed timely. If active misrepresentation by an attorney does not create an exception, [as the court held in *Brown v. Baldwin*, 131 Or App 356, 360, 885 P2d 707 (1994), *rev den*, 320 Or 507 (1995),] the court cannot see how negligence could. Or put another way, neither affects the information available to a petitioner."

Although we appreciate the post-conviction court's effort to reconcile this case with *Brown*, we ultimately disagree with the court's reading of our case law. Although that law is admittedly difficult to work with, an attorney's negligence *can* affect the application of the escape clause of ORS 138.510(3) when it concerns what factual information is "reasonably available" to a petitioner. *See Bartz v. State of Oregon*, 314 Or 353, 359, 839 P2d 217 (1992).

In *Brown*, the post-conviction petitioner filed a late petition and argued that the delay was reasonable because

his previous attorney had incorrectly told him to wait three years before filing the petition. We rejected that argument on the ground that the reasonableness of the petitioner's reliance on the advice of his lawyer was "irrelevant to the *Bartz* analysis" because "*Bartz* makes it clear that the applicability of the escape clause turns on whether the information existed or was reasonably available to the petitioner, and not on whether the petitioner's failure to seek the information was reasonable." *Id.* at 361 (emphasis omitted). But the *information* at issue in *Brown* was the applicable statute of limitation, which was "embodied in statutes that were published and made available to the public by ordinary means." 131 Or App at 360-61.

This case involves a different type of situation. The reasonableness of petitioner's ability to file a timely petition does not turn on statutory information about the applicable limitations period but rather on facts related to the status of his legal proceedings. As we explained in *Winstead v. State of Oregon*, 287 Or App 737, 740, 403 P3d 444 (2017), when a petitioner is represented by counsel, it is "reasonable for petitioner to assume that [that] counsel would meet the most basic of professional obligations—filing the petition within the two-year filing period[.]"

In this case, petitioner hired an attorney for that very purpose and, as in *Winstead*, it was reasonable for petitioner to believe that counsel would meet his basic professional obligations by filing the petition. Therefore, the critical question is not whether the statute of limitations was known to petitioner, but instead the question is when petitioner was aware of the fact that counsel was not going to meet that basic obligation. More specifically, because this appeal arises from a grant of summary judgment, the critical question is whether a reasonable factfinder could infer that trial counsel's failure to meet his basic professional obligation to timely file a post-conviction petition was information that was not reasonably available to petitioner.

For that reason, this case is more like *Keerins v. Schiedler*, 132 Or App 560, 562-64, 889 P2d 385 (1995), than it is like *Brown*. In *Keerins*, the petitioner delayed filing his post-conviction petition because his lawyer incorrectly told

him that it was not yet time to file the petition because his direct appeal was still pending. We held that the escape clause applied because the status of an appeal is not the sort of information that was reasonably available to the petitioner. *Id.* at 564. We reached a similar conclusion, on similar facts, in *Fine v. Zenon*, 114 Or App 183, 187, 834 P2d 509 (1992). There, we concluded that the escape clause would apply where, assuming the truth of the petitioner's allegations, the petitioner's attorney did not inform him of the date that our court had granted his motion to dismiss his appeal because the petitioner was entitled to rely on counsel "to keep him abreast of procedural developments." *Id.*

As was true in *Keerins* and *Fine*, the fact that retained counsel has or has not filed a petition is not the type of information that is by its nature reasonably available to a petitioner, particularly without the cooperation of that retained counsel, as is alleged to be the case here. On this record, and in view of *Winstead*'s recognition that a petitioner is entitled "to assume that [his] counsel would meet the most basic of professional obligations—filing the petition within the two-year filing period," a trier of fact could infer that petitioner was unable to determine until January 2016—the date that petitioner alleges that he learned of Celuch's mistake—that no post-conviction proceeding had been initiated. That would toll the application of the statute of limitations until January 2016, making his petition timely. *See Canales-Robles v. Laney*, 314 Or App 413, 421-24, 498 P3d 343 (2021) (describing the tolling effect of the escape clause and explaining that the two-year statute of limitations does not start to run until the necessary information regarding a petitioner's claims becomes reasonably available to the petitioner). Therefore, the superintendent was not entitled to judgment as a matter of law.

Reversed and remanded.