***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted March 10; reversed in part, remanded for further proceedings, otherwise affirmed April 19, 2023

ROBERT JEROME BYERS,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
20CV20327; A177326

Eva J. Temple, Judge.

Jedediah Peterson and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Rebeca M. Auten, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Armstrong, Senior Judge.

LAGESEN, C. J.

Reversed in part; remanded for further proceedings; otherwise affirmed.

**LAGESEN, C. J.**

Following a stipulated facts trial in 2002, petitioner was convicted of burglary in the first degree (Count 1), rape in the first degree (Counts 2 and 4), sodomy in the first degree (Counts 3, 5, and 9 to 12), unlawful sexual penetration in the first degree (Count 6), and assault in the second degree (Count 7). In this post-conviction proceeding, petitioner seeks relief from those convictions on the ground that he is "actually innocent" and on the ground that, in view of *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 1396, 206 L Ed 2d 583 (2020), his rights under Article I, section 11, of the Oregon Constitution and the Sixth and Fourteenth Amendments to the United States Constitution were violated in at least two respects: (1) petitioner's trial and appellate counsel were ineffective and inadequate in failing to ensure petitioner's waiver of his right to a jury trial was knowing, intelligent, and voluntary; and (2) petitioner was denied due process and a fair trial. Petitioner's theory was that Oregon's unconstitutional practice of allowing conviction by nonunanimous verdicts rendered his jury trial waiver invalid.

The superintendent moved for summary judgment. Pertinent to the issues on appeal, with regard to petitioner's claims of actual innocence, the superintendent asserted that petitioner could not establish a genuine issue of material fact to prove his actual innocence. With regard to petitioner's remaining claims, the superintendent asserted that *Ramos* did not apply retroactively in post-conviction proceedings, precluding petitioner from prevailing on them. The post-conviction court agreed and granted the motion.

We review a post-conviction court's granting of summary judgment to determine whether the court correctly concluded that there are no genuine issues of material fact and that the superintendent was entitled to judgment as a matter of law. *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021). A movant is entitled to summary judgment if, "viewing the evidence in the record in the light most favorable to the opposing party, the pleadings, depositions, affidavits, declarations and admissions on file show that there is no genuine issue as to any material fact and that

the moving party is entitled to prevail as a matter of law." *Id.*; *see also* ORCP 47 C (setting forth standard for granting summary judgment). For the reasons given below, we affirm the post-conviction court's rejection of petitioner's actual innocence claims and remand for further proceedings in light of *Ramos*, 590 US at \_\_\_, 140 S Ct at 1396, and *Watkins v. Ackley*, 370 Or 604, 633, 523 P3d 86 (2022).

*Actual innocence.* Petitioner assigns error to the post-conviction court's denial of relief on his claim of "actual innocence." The court rejected that claim based on its conclusions that an "actual innocence" claim "is not a valid post-conviction claim" and that "petitioner failed to offer sufficient evidence to support the claims." As we have explained, a freestanding post-conviction claim of actual innocence, if viable, "would require [a] petitioner to demonstrate, at the very least, that newly discovered and reliable evidence makes it more likely than not that no reasonable juror could have found petitioner guilty beyond a reasonable doubt, when the new evidence is considered in the context of the record as a whole." *Reeves v. Nooth*, 294 Or App 711, 738, 432 P3d 1105 (2018), *rev den*, 364 Or 680 (2019). Petitioner did not offer any evidence of his innocence in response to the superintendent's motion for summary judgment; as a result, the post-conviction court properly concluded that petitioner had not made the evidentiary showing necessary under *Reeves*.[1]

*Failure to advise petitioner regarding jury unanimity requirement.* Petitioner's remaining claims are that *Ramos*, which held that the Sixth Amendment requires a unanimous verdict to support a conviction in state court, entitles him to relief from his convictions. *See Ramos*, 590 US at \_\_\_, 140 S Ct at 1396. Petitioner's theory is that Oregon's unconstitutional nonunanimous jury practice caused him to waive his right to a jury trial and proceed to a stipulated facts trial, something petitioner contends violated his constitutional rights. The post-conviction court granted summary judgment to petitioner on the ground that *Ramos* did not apply

---

[1] Petitioner asserted that he planned to seek DNA testing which, he claimed, would exonerate him, but he never introduced any DNA evidence. Our affirmance of the post-conviction court's denial of relief is without prejudice to petitioner's ability to renew such a claim, should he obtain exculpatory evidence in the future.

retroactively in post-conviction proceedings. The superintendent concedes that, in light of *Watkins*, 370 Or at 633, the post-conviction court erred by ruling that *Ramos* does not apply retroactively, and that "in the unique circumstances of this case, this court should reverse and remand for the parties to litigate, and the post-conviction court to resolve, each of petitioner's first four claims on its merits." We agree and, for that reason, remand for further proceedings.

Reversed in part; remanded for further proceedings; otherwise affirmed.