***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

Submitted August 8, affirmed September 13, 2023, petition for review denied
January 12, 2024 (371 Or 825)

MICHAEL JAMES EVANS,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*
Umatilla County Circuit Court
20CV25959; A177105

Eva J. Temple, Judge.

Lindsey Burrows and O'Connor Weber LLC filed the briefs for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Erin K. Galli, Assistant Attorney General, filed the brief for respondent.

Before Lagesen, Chief Judge, and Kamins, Judge, and Kistler, Senior Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Petitioner appeals the grant of summary judgment denying his petition for post-conviction relief of his 1997 conviction for harassment. Petitioner filed for relief following the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 US ___, 140 S Ct 1390, 206 L Ed 2d 583 (2020), holding that the Sixth Amendment to the United States Constitution requires that a jury reach a unanimous verdict to convict someone of a felony. Because "the court correctly concluded that there are no genuine issues of material fact and that the superintendent was entitled to judgment as a matter of law," *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021) (brackets and citation omitted), we affirm.

On appeal, petitioner raises two assignments of error. He first contends that his trial counsel rendered inadequate and ineffective assistance of counsel, in violation of his rights under Article I, section 11, of the Oregon Constitution and the Sixth Amendment to the United States Constitution, by not objecting to the nonunanimous jury instruction and not requesting that the jury be polled. That claim is foreclosed. *See Smith v. Kelly*, 318 Or App 567, 569, 508 P3d 77 (2022), *rev den*, 370 Or 822 (2023) (holding that trial counsel do not perform deficiently by failing to raise the unanimity issue before *Ramos* was litigated); *Aaron v. Kelly*, 325 Or App 262, 266, 528 P3d 1215 (2023) (concluding that trial counsel's pre-*Ramos* decision not to challenge the nonunanimous jury instruction and not to request a jury poll was reasonable).

Petitioner next contends that his convictions were obtained in violation of the state and federal constitutions because they were based on nonunanimous jury verdicts. Because the record is silent on whether the verdicts were actually nonunanimous, petitioner has not met his burden of proof as to those claims. *Mandell v. Miller*, 326 Or App 807, 811, 533 P3d 815 (2023) ("[P]ost-conviction petitioners cannot prove that a *Ramos* violation was consequential in their case when the record does not indicate whether the jury that convicted them was, in fact, nonunanimous, and are therefore not entitled to relief.").

Affirmed.