No. 129          February 22, 2024          159

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JAMES SAMUEL DEFRANK, JR.,
*Petitioner-Appellant,*

*v.*

Corey FHUERE,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
19CV32386; A179156

Thomas M. Hart, Judge.

Submitted January 30, 2024.

Lindsey Burrows and O'Connor Weber LLC filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

James S. DeFrank Jr. filed the supplemental brief *pro se*.

Before Lagesen, Chief Judge, Hellman, Judge, and DeVore, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

Petitioner appeals from a judgment denying his second amended successive petition for post-conviction relief from a 1990 conviction for aggravated murder with a firearm and other crimes. Petitioner asserts that the post-conviction court erred by granting the state's motion for summary judgment on his claim that he was deprived of his right to a fair trial under the Due Process Clause of the Fifth Amendment to the United States Constitution because a witness who testified during the penalty phase of the 1990 trial provided conflicting statements during a 2011 interview with police as part of an investigation into petitioner's background on unrelated criminal charges. Petitioner additionally submits a *pro se* supplemental brief, in which he requests that we review the "substantive merits" of all claims presented in the amended post-conviction petition "on both state and federal constitutional grounds." For the reasons that follow, we affirm.

"We review a post-conviction court's grant of summary judgment to determine 'whether the court correctly concluded that there are no genuine issues of material fact and that the superintendent was entitled to judgment as a matter of law.'" *Bean v. Cain*, 314 Or App 529, 530, 497 P3d 1273 (2021) (quoting *Putnam v. Angelozzi*, 278 Or App 384, 388, 374 P3d 994 (2016) (brackets omitted)); *see also* ORCP 47 C (explaining that no genuine issue of material fact exists "if, based on the record before the court viewed in a manner most favorable to the adverse party, no objectively reasonable juror could return a verdict for the adverse party on the matter that is the subject of the motion for summary judgment").

During the penalty phase of the 1990 trial, the state called D, an acquaintance of petitioner, as a rebuttal witness. During D's testimony, he expressed that he had not wanted to take the stand and voiced resistance to answering state questions, testifying that he "could not say" whether he had ever seen petitioner with a firearm and that he did not recall telling an investigating detective that petitioner possessed weapons. Following D's testimony, the state called the investigating detective as a witness, who testified

that he had spoken with D during two interviews about whether he had seen petitioner in possession of firearms in the past and D had informed him "that in the time that he had known [petitioner], being eight to ten years, he said it was pretty much always that he would find [petitioner] with a gun." After petitioner's conviction he sought both appellate and post-conviction relief, neither of which was successful.

In 2011, petitioner was indicted for aggravated murder, unrelated to his 1990 convictions. In connection with the 2011 charges, Oregon State Police interviewed D "as part of the investigation into people in [petitioner's] background" in preparation for a possible death penalty phase at the pending trial. The supplemental police report includes the following:

> "-[D] explained he took the stand during the penalty phase of [petitioner's] trial and he had already been convicted. [D] said he didn't say anything incriminating against him. [D] said he was approached and he told them everything: the same thing he was telling me. [D] said it could probably be seen on transcripts.

> "-[D] explained he had said that [petitioner] had not been in possession of guns, but that [D] had been in possession of guns when [petitioner] was there.

> "-[D] explained that they were trying to get it to see that [petitioner] had been carrying guns all the time and [D] understood why—they were trying to 'hang' him; and that was one of the best ways to do it—to make people believe that he is super dangerous."

Petitioner thereafter filed a successive petition for post-conviction relief, asserting that the claims were proper under the ORS 138.550(3) escape clause because the underlying information was not available when he filed his first post-conviction action and the claims therefore "could not reasonably have been raised in the original or amended petition." As pertinent to this appeal, petitioner claimed that he was deprived of his right to a fair trial under the Due Process Clause of the Fifth Amendment to the United States Constitution because D provided conflicting testimony during the 2011 interview and "[t]he prosecution used

[D's] false statements in 1990 to persuade a jury to issue a Life Without Parole sentence."[1]

The state moved for summary judgment on the grounds that the petition was untimely and successive under ORS 138.510(3) and ORS 138.550(3) and that D's 2011 statements were consistent with his 1990 testimony. The post-conviction court granted the state's motion for summary judgment, concluding that there was no genuine issue of material fact. The court additionally determined that the undisputed facts demonstrated that the proceeding was not timely commenced under ORS 138.510(3)(b); was prohibited as a successive attempt at post-conviction relief under ORS 138.550(3) and (4); and did not fall under either escape clause.[2] Finally, the court found that "[D's] statements were mostly consistent from his trial testimony and statements provided in 2011. No reasonable person could find otherwise."

After reviewing the record, we conclude that the post-conviction court did not err in granting the state's motion for summary judgment. Contrary to petitioner's assertion, D did not provide any new information or affirmatively tell the officer that petitioner never possessed guns during the 2011 interview. Rather, D's statements in the 2011 interview were D's recollections of his 1990 trial testimony. When compared to his trial testimony, D's recollections of his trial testimony were incorrect. Thus, when viewing the evidence in the light most favorable to petitioner, any inconsistency is the result of D's mistaken recollection of his trial testimony, not because D had new evidence to provide. On this record, no objectively reasonable factfinder could

---

[1] Petitioner raised three additional grounds for post-conviction relief, related to ineffective assistance of counsel and a discovery violation, which the trial court denied because they were not timely commenced under ORS 138.510(3)(b) and ORS 138.550(3) and (4). He does not appeal those denials through counsel.

[2] It is not entirely clear whether the post-conviction court's determinations that petitioner's petition was an untimely, successive, and not subject to the escape clause applied to the claim at issue in this appeal. Unlike the post-conviction court's explanation of its decisions on claims one, two, and three, the court did not explicitly state that the claim regarding D's statements could have been reasonably raised in a prior post-conviction case. Regardless, we do not need to resolve the uncertainty because any error regarding a successive petition determination would be harmless, given the ultimate resolution of the summary judgment on the merits.

conclude that such an inconsistency amounts to a genuine issue of material fact on the issue of whether petitioner's due process rights were violated. *Bean*, 314 Or App at 530. We therefore conclude that the post-conviction court did not err in concluding that the state was entitled to judgment as a matter of law. *Id.*

We reject petitioner's *pro se* request to review all his post-conviction claims. Initially, petitioner does not identify questions or issues to be decided on appeal, which is in violation of ORAP 5.92(2) (explaining that a supplemental *pro se* brief "shall identify questions or issues to be decided on appeal as assignments of error identifying precisely the legal, procedural, factual, or other ruling that is being challenged"). Moreover, with the exception of the claim related to D's allegedly inconsistent statements in 2011, the post-conviction court determined that the facts underlying the claims were available to petitioner at the time he litigated his first post-conviction case. That finding is supported by the record. As a result, the post-conviction court did not err when it determined that petitioner had failed to supply evidence that could establish that petitioner's claims fell within the escape clause to overcome the bar on untimely and successive post-conviction petitions.

Affirmed.