706 January 28, 2026 No. 44

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSUE J. PEREZ-PATRICIO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
24CV04066; A186231

Joanna A. Marikos, Judge.

Submitted December 12, 2025.

Jason Weber and Equal Justice Law filed the brief for appellant

Ryan Kahn, Assistant Attorney General, waived appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.

EGAN, J.

Affirmed.

**EGAN, J.**

Petitioner appeals a judgment granting the superintendent's motion for summary judgment. Appointed counsel filed a brief pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991). The brief does not contain a Section B. *See* ORAP 5.90(1)(b). We affirm.[1]

In the underlying criminal case, petitioner waived jury and was convicted by the court of three counts of first-degree unlawful sexual penetration, and three counts of first-degree sexual abuse. He was sentenced to 180 months' imprisonment and 20 years' post-prison supervision.

Nearly six years after his conviction became final, petitioner filed this post-conviction proceeding. Petitioner alleged that his trial counsel was inadequate in a number of respects including plea negotiations, keeping petitioner informed, trial preparedness, and advising petitioner about rights and consequences. The superintendent moved for summary judgment on the grounds that the petition was time-barred and did not come within the escape clause of the post-conviction relief statutes. In response, petitioner argued that he was not advised by his attorney of the time limits for bringing a postconviction relief action, and consequently he did not know that he had only two years to file a petition. Petitioner had until March 2020 to file his post-conviction petition. He filed his petition in January 2024. But we have held that an attorney's failure to correctly advise a client about the post-conviction limitations period does not provide a basis for invoking the escape clause. *See*, *e.g.*, *Bean v. Cain,* 314 Or App 529, 531-31, 497 P3d 1273 (2021) (discussing case law holding that attorney's negligent advice regarding limitations period for seeking post-conviction relief is not a basis for applying the escape clause to the limitations period).

Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief, we have identified no arguably meritorious issues.

Affirmed.

---

[1] As authorized by ORS 2.570(2)(b), this matter is determined by a two-judge panel.