No. 382                 May 6, 2026                 347

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

JOSUE J. PEREZ-PATRICIO,
*Petitioner-Appellant,*

*v.*

Erin REYES,
Superintendent,
Two Rivers Correctional Institution,
*Defendant-Respondent.*

Umatilla County Circuit Court
24CV04066; A186231

Joanna A. Marikos, Judge.

Submitted March 13, 2026.

Jason Weber and Equal Justice Law filed the brief for appellant. Section B of the brief was prepared by appellant.

No appearance for respondent.

Before Lagesen, Chief Judge, and Egan, Judge.*

EGAN, J.

Affirmed.

_____
\* Determined by a two-judge department as authorized by ORS 2.570(2)(b).

**EGAN, J.**

We previously issued a memorandum opinion in this case on January 28, 2026. *Perez-Patricio v. Reyes*, 346 Or App 706 (2026), *vacated by unpublished order*, Mar 2, 2026. In that opinion we had noted that the brief that had been filed pursuant to ORAP 5.90 and *State v. Balfour*, 311 Or 434, 814 P2d 1069 (1991), did not contain a Section B. Petitioner's counsel subsequently moved to vacate that decision, and that motion was granted by unpublished order. The order provided:

> "Appellant has moved this court for an order vacating its decision of January 28, 2026, to permit submission and consideration of appellant's *Balfour* Section B brief which, due to a confluence of events, was not submitted to this court for review. Respondent does not oppose the motion. The motion is allowed. The decision of January 28, 2026, is vacated, the Section B brief accompanying the motion will be transmitted to the court's *Balfour*/Monthly Submitted Cases Department, and the case is resubmitted to that department to conduct the review required under ORAP 5.90(3), and any further proceedings that that review may require."

Consistent with that order, we undertake anew the review required by ORAP 5.90(3) and *Balfour*.

Petitioner appeals a judgment granting the superintendent's motion for summary judgment in this post-conviction relief case. Petitioner's appointed counsel filed a brief pursuant to ORAP 5.90 and *Balfour*. There is a Section B. *See* ORAP 5.90(1)(b). We affirm.

In the criminal case underlying his post-conviction claims, petitioner waived jury and was convicted by the court of three counts of first-degree unlawful sexual penetration and three counts of first-degree sexual abuse. He was sentenced to 180 months' imprisonment and 20 years' post-prison supervision.

Almost six years after his conviction became final, petitioner filed a petition commencing this post-conviction proceeding. He alleged that his trial counsel was inadequate in a number of respects, including his handling of plea

negotiations, keeping petitioner adequately informed, trial preparedness, and advising petitioner about rights and consequences. The superintendent moved for summary judgment on the grounds that the petition was time-barred and did not come within the escape clause of the post-conviction relief statutes. In response, petitioner argued that he had not been advised by his attorney about the time limits for bringing a post-conviction relief action, and consequently he did not know that he had only two years to file the petition after his conviction became final. Petitioner had until March 2020 to file his petition, but he did not file it until January 2024. We have held that an attorney's failure to correctly advise a client about the post-conviction limitations period does not provide a basis for applying the escape clause. *See, e.g., Bean v. Cain*, 314 Or App 529, 531-32, 497 P3d 1273 (2021) (discussing case law holding that an attorney's negligent advice regarding the limitations period for seeking post-conviction relief is not a basis for applying the escape clause to the limitations period).

In Section B of his *Balfour* brief, petitioner argues that the failure of trial counsel to correctly advise him of the limitations period means that the asserted grounds for relief could not reasonably have been raised within the limitations period; that the failure to advise him of the limitations period established that there were "good grounds" for applying the escape clause; that there is strong evidence that his trial attorney was mentally compromised during the course of his representation; and that petitioner was prejudiced by trial counsel's mental incapacity.

On this record, none of the grounds that petitioner identifies provides an arguable basis for concluding that the petition falls within the escape clause. *Id*. Having reviewed the record, including the post-conviction court file and the transcript of the hearings, and having reviewed the *Balfour* brief including Section B, we have identified no other arguably meritorious issues.

Affirmed.